[Criminal No. 486. Filed April 7, 1920.]

[188 Pac. 872.]

## SAMUEL GONZALEZ, Appellant, v. STATE, Respondent.

1. ASSAULT AND BATTERY—EVIDENCE HELD TO WARRANT JURY FINDING PISTOL WAS LOADED WITH BULLETS.—In a prosecution for assault with a deadly weapon, where the evidence showed that defendant twice discharged a pistol at plaintiff, and that shortly thereafter his pistol contained two empty cartridges and one loaded with a bullet, the jury was warranted in finding that the cartridges discharged were loaded with bullets, notwithstanding defendant's testimony that they were blanks.

2. ASSAULT AND BATTERY—DEFENDANT'S EXPLANATION HELD TO RAISE JURY QUESTION AS TO USE OF BLANK CARTRIDGES.—In a prosecution for assault with a deadly weapon, where the revolver used was found to contain two empty shells and one loaded cartridge,

2. On burden of proving that weapon was not loaded in prosecution for assault with firearm, see note in 42 L. R. A. (N. S.) 975.

defendant's explanation that he fired blank cartridges at complaining witness, and later placed a loaded cartridge in the revolver, merely raised a conflict in the evidence, which was for the jury to settle.

3. ASSAULT AND BATTERY—PISTOL FIRED AT THIRTY FEET IS "DEADLY WEAPON."—A loaded pistol fired by one person at a distance of twenty-five or thirty feet against another is a "deadly weapon."

APPEAL from a judgment of the Superior Court of the County of Greenlee. Frank B. Laine, Judge. Affirmed.

Mr. L. Kearney, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Louis B. Whitney, Assistant Attorney General, and Mr. Dave W. Ling, for the State.

BAKER, J.—The defendant was charged with the crime of an assault with a deadly weapon, to wit, a pistol, upon one Frank Haddad. Pen. Code, par. 219. From a judgment of conviction, the defendant appeals.

The only point made by the defendant on the appeal is that the evidence is insufficient to establish as a fact that the weapon with which the assault was made was a deadly weapon, inasmuch as it fails to show that the pistol was loaded with bullets. It appears that the complaining witness Haddad and the defendant had quarreled about the payment of two dollars which the complaining witness claimed the defendant owed him, and that during the quarrel the defendant threatened to kill Haddad. Soon after the quarrel, the complaining witness was driving along the road in an automobile in company with another man, and met the defendant, who said to him, "I am going to pay you," and drew a pistol and fired twice at the complaining witness while he was driving rapidly away. The first shot was fired at a distance of

twenty-five to thirty feet from the complaining wit-
ness; the second at a distance somewhat greater.
Neither shot took effect. The defendant's explana-
tion of the affair is that the pistol was only loaded
with blank cartridges, and that he fired at the com-
plaining witness to "scare" him so that he would let
him "alone." The pistol was examined by the
arresting officer not long after the shooting took
place, and was found to contain two empty shells and
one loaded cartridge. The defendant explained that
after the shooting he went home and was going to
put the pistol where he got it, and that the loaded
cartridge happened to be there, and he "placed the
bullet in it."

In *Territory* v. *Gomez*, 14 Ariz. 139, 42 L. R. A.
(N. S.) 975, 125 Pac. 702, we held that a man point-
ing a cocked pistol at another in an angry and threat-
ening manner was guilty of an assault with a deadly
weapon, and that the burden of proving that the
pistol was unloaded rested upon the accused. The
present case is a much stronger one for the prosecu-
tion. In the Gomez case the pistol was not dis-
charged; here, it was. Furthermore, the pistol in the
present case was found to contain two empty shells
and one loaded cartridge. Certainly the evidence
was amply sufficient to carry the case to the jury
upon the question whether the pistol was loaded with
bullets, and to sustain a verdict of guilty. The ex-
planation of defendant that he fired blank cartridges
at the complaining witness, and subsequently placed
the loaded cartridge in the pistol, only raised a con-
flict in the testimony. It was the province of the
jury to settle the conflict. They were not bound to
accept the statement of the defendant. That a
loaded pistol fired by one person at a distance of
twenty-five or thirty feet against another is a

"deadly weapon" will not be questioned by anyone in possession of his ordinary senses.

The judgment is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.