442 P.2d 842

**STATE of Arizona, Appellee,**

v.

**Alex Lechuga GORTAREZ, Appellant.**

**No. 1816.**

Supreme Court of Arizona.

In Banc.

July 10, 1968.

Rehearing Denied Sept. 17, 1968.

**396**

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

McFARLAND, Chief Justice:

Defendant, Alex L. Gortarez, and a co-defendant, Robert Cruz Caldera, were each charged with, tried, and acquitted of two counts of kidnapping in Maricopa County. In a third count, defendant Alex L. Gortarez was charged with and found guilty of assault with a deadly weapon, a felony in violation of § 13–249 (Supp.1967), 5 A.R.S.

On the night of October 1, 1966, in Phoenix, Arizona, two sisters, Rosie, 14 years of age, and Viola Enriquez, 12 years of age, had just walked to a grocery store and were proceeding to a gas station to make a telephone call when they were intercepted by defendant and co-defendant who were also on foot. Defendants apparently engaged the girls in a conversation on the pretext they were looking for water because their car was on fire. As the four were talking, the defendant Gortarez pulled out a pistol and pointed it at the girls and told them that nothing would happen to them if they would follow them. As they proceeded down the road the defendant took his pistol and shot at a dog which was near the street. The girls testified that they did not know if the dog had been hit by a bullet. As a car came down the street, and its lights approached their position, the girls were pushed into an irrigation ditch along side the road where the four of them remained until the car had

passed. While they were all in the ditch defendant fiddled or did something to the pistol but the girls could not relate what as the darkness prevented their seeing clearly. The four of them continued their treck along the road until they stopped in the middle of the road in front of Mr. Heber C. Farnsworth's house to discuss some directions. The record is unclear at this point, but somehow the defendant gave the gun to Viola and told her to hold it, whereupon she ran toward the Farnsworth residence with the pistol in her possession. Viola ran up on the porch, and started yelling. There the defendant grabbed the gun out of her hand. Mr. Farnsworth testified that at this time he was inside the house, and heard a girl hollering, that he heard her yell "Help, he's going to kill me." As Farnsworth came out of his front door, he saw Viola crying and upset, and spotted the defendant in his yard just ten feet away from the front porch.

The defendant, upon seeing Farnsworth, started to run out of the yard and Farnsworth took out after him. Farnsworth ran around one side of the vehicle parked in his driveway, and the defendant ran around the other side. They met more or less face to face, and Farnsworth tackled the defendant, and a scuffle on the ground ensued. During the scuffle, defendant took his pistol and tried repeatedly to bring it to bear on Farnsworth. Farnsworth testified that defendant pointed directly at him, and he heard the gun click three times, once while it was pointed directly at him. Thereafter Farnsworth succeeded in wresting the gun from defendant's possession, and detained the defendant until the police arrived. The police officer immediately took possession of the gun, and took one live bullet from the chamber of the pistol. There is no question but what the pointing of a loaded pistol at another, even though it failed to fire when the trigger was pulled, as in the instant case, is an assault with a deadly weapon. A.R.S. § 13–249 (Supp.1967); Gonzalez v. State, 21 Ariz. 385, 188 P. 872; Territory v. Gomez, 14 Ariz. 139, 125

P. 702, 42 L.R.A.,N.S., 975. However, the defendant in the instant case contends that his acts were justified for the reason that Farnsworth was attempting an unlawful arrest, and he had a right to protect himself. He quotes Section 13–1404, 5 A.R.S., which provides:

"A private person may make an arrest:

"1. When the person to be arrested has in his presence committed a misdemeanor amounting to a breach of the peace, or a felony.

"2. When a felony has been in fact committed and he has reasonable ground to believe that the person to be arrested has committed it."

 The very section which he quotes from shows that Farnsworth had a right to detain the defendant if a misdemeanor amounting to a breach of the peace was being committed by the defendant in his presence. Such an offense occurs where a person maliciously and wilfully disturbs the peace or quiet of a neighborhood, family or person by loud or unusual noise; tumultuous or offensive conduct; threatening, traducing, quarreling, challenging to fight or fighting; or applying any violent, abusive or obscene epithets to another. § 13–371, 5 A.R.S.; Platt v. Greenwood, 50 Ariz. 158, 69 P.2d 1032.

 There is no doubt that the defendant was disturbing the peace and quietude of Farnsworth at the time. His conduct, coupled with that of the co-defendant, Robert Caldera, in the pulling of the gun on the two girls and forcing them to go down the road in front of him, giving the gun to Viola and then taking it from her, culminated in the girls' running to Farnsworth's house. Farnsworth testified one of the girls was hollering; that Viola was knocking on the door and crying "Help, he's going to kill me," and defendant was standing on Farnsworth's property at the edge of his home. This unquestionably constituted a disturbance of Farnsworth's peace.

 Defendant contends the court erred in giving a flight instruction. The flight of the defendant occurred after the alleged kidnapping, and the instruction should have been limited to the kidnapping charges as there was no flight after the assault with the deadly weapon. However, it was not prejudicial as the jury knew and understood that there was no flight after the assault with the deadly weapon; and for this reason the instruction did not apply to that charge. A flight instruction was proper in regard to the kidnapping charges. State v. Owen, 94 Ariz. 404, 385 P.2d 700; vacated for other reasons, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041. We need not consider its form, as it could not have been prejudicial to the kidnapping charges, as the defendant was acquitted of them.

Judgment affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.