Cary SHAFSKY, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4332.

Supreme Court of Wyoming.

Sept. 4, 1974.

Harry L. Harris, Evanston, for appellant.

David B. Kennedy, Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., Cheyenne, Charles D. Phillips, County & Pros. Atty. Evanston, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

The defendant, Cary Shafsky, was convicted by a jury of assault while armed with a dangerous or deadly weapon in violation of § 6–70, subd. B, W.S.1957, 1973 Cum.Supp. He was sentenced to a term in the penitentiary and has appealed his con-

viction. We fail to find reversible error in the record and affirm the verdict of the jury and the judgment entered thereon by the district court.

It is undisputed that Sherman E. Rollins, Chief of Police at Evanston, Wyoming, was patrolling in his patrol car on the streets in Evanston. Shafsky drove his vehicle behind the patrol car and then passed the patrol car and proceeded at a high rate of speed. Rollins pursued and caught Shafsky and signaled for him to stop, which Shafsky did. The Chief stopped directly behind the defendant's vehicle and walked up to such vehicle.

■ Shafsky was seated in his car with the window on his side rolled down. Rollins requested defendant to show his driver's license but received no response. A second request for defendant's license was made and the defendant stated he did not have a driver's license. Rollins then asked the defendant to get out of his car and accompany the officer to the patrol car. From that point on there is conflict in the evidence. However, pursuant to our appellate rule,[1] we accept as true the evidence favorable to the successful party, leaving out of consideration entirely evidence of the unsuccessful party in conflict therewith, and we give to evidence of the prosecution, as the successful party, every favorable inference which may be reasonably and fairly drawn from such evidence.

On that basis we find the facts to be, as testified by Rollins, that Rollins opened the car door to take Shafsky out. As he opened the door Shafsky turned in the seat and said, "Hold it." At that time he had a gun "right against my [Rollins'] stomach." The officer further testified that Shafsky turned in the seat, apparently to get out, whereupon Rollins struck the gun with his left hand knocking it out of Shafsky's hand and to the back of the car and out into the dirt. The officer then struck defendant with a fist.

When Shafsky was questioned at the police station about having a gun, the testimony indicates his reply was that he took the gun and figured on killing a patrolman. He then explained that he did not want to kill a policeman especially, but due to the fact that Rollins was the one that stopped him, he figured Rollins was the one that would do.

The gun here involved was described as a .25 caliber automatic Haws pistol. When struck it came to rest near the front of the patrol car, which was behind Shafsky's vehicle. The cartridge clip had separated from the rest of the gun and was some six to eight inches from the gun itself. The clip was fully loaded with six bullets. It is defendant's theory that the clip was not pushed into a locking position and therefore the gun would not fire and for that reason would not be a dangerous or deadly weapon.

When the cartridge clip release button on this gun is used, it projects the cartridge clip approximately one-fourth inch out of its chamber in the gun's handle. The jury could believe, if the clip had been in a loose or free position, it would have separated where the gun was struck by Rollins and not where the gun struck the ground a considerable distance away. The jury probably inferred, and it had a right to do so, that when the gun struck the ground, the clip's release freed the clip, causing it to be expelled and causing the gun and clip to end up six to eight inches apart.

The release button, for loosening the clip, is quite prominent on a corner of the gun's handle. The button protrudes about one-eighth of an inch from the gun and could very easily have struck the ground when the gun landed, after being knocked out of defendant's hand.

We have already said, we accept as true the evidence favorable to the successful party, and we give to evidence of the prosecution, as the successful party, "every favorable inference which may be reasonably and fairly drawn from such evidence."

1. Hammer v. Town of Jackson, Wyo., 524 P.2d 884, 886.

Inasmuch as it was for the jury to say whether the instrument here involved was a dangerous or deadly weapon when it was pointed at Officer Rollins,[2] we should not attempt to classify it as something different. Even if the clip had been loose in its chamber, as suggested by attorney for the appellant, it was demonstrated at the trial that in such condition it could be fired in a fraction of a second. This causes us to note the case of State v. Missenberger, 86 Idaho 321, 386 P.2d 559, 560, where it was stated a gun capable of being fired is a "deadly weapon" within the meaning of assault statutes. See State v. Gortarez, 103 Ariz. 395, 442 P.2d 842, 843.

■ We do not accept appellant's theory about the gun not being a dangerous or deadly weapon if the cartridge clip was loose. If we did do so, it would be equivalent to saying a gun was not a dangerous or deadly weapon if the safety catch was engaged. We are unconvinced, from the authorities cited by appellant, that this would be true. The question would still be one for the jury. In the case we are dealing with, the jury could have found the clip was not shown to have been loose, or it could have found that the gun in any event was a dangerous or deadly weapon.

■ The principal question before us is whether the prosecution's evidence was sufficient to sustain the verdict. Reviewing the evidence in the light most favorable to the jury's verdict, we hold the evidence was sufficient to sustain the verdict.

■ Appellant complains because the court gave an instruction on the material facts pertaining to the crime charged, omitting language which appellant says should have been used. The instruction was at first prepared to say the material facts of the crime charged are: "(1) that the defendant on or about the 9th day of July, 1973, at the County of Uinta, State of Wyoming, (2) did unlawfully, feloniously and maliciously while armed with a deadly weapon, to-wit: a Haws .25 caliber automatic pistol loaded with a live bullet, (3) did perpetrate an assault upon one Sherman E. Rollins, (4) said assault being perpetrated by aiming said loaded pistol at Sherman E. Rollins and threatening to shoot him."

Before the instruction was given to the jury, however, the trial court struck from (4) the words "and threatening to shoot him." Appellant argues this was error because those words were in the information.

We are shown no reason to believe the prosecution is bound to prove everything alleged in its information. Aside from that, we find no possible prejudice to the defendant by an omission of the words questioned. We hold error concerning the instruction has not been proved and prejudice to the defendant has not been shown.

■ Two of the instructions given stated that one of the material elements of the crime charged was that the defendant while armed with a deadly weapon, to-wit: a Haws .25 caliber automatic pistol loaded with a live bullet, did perpetrate an assault upon Sherman Rollins by aiming said loaded pistol at him. Defendant argued that since the instructions were given it became necessary that the State prove the gun was loaded. Because of our disposal of this question we need make no determination as to whether such averment need be proved. Assuming arguendo that the prosecution must prove the gun was loaded, we think it met the burden. Defendant argued that since there was no shell in the chamber the gun was not loaded. It has been held, and we think reasonably so, that a gun may be considered loaded when its magazine contains live cartridges which may be instantly transferred to the firing chamber by the mere operation of a lever. People v. Pearson, 150 Cal.App.2d 811, 311 P.2d 142, 145; People v. Simpson, 134 Cal.App. 646, 25 P.2d 1008, 1010.

The verdict and judgment are affirmed.

2. See State v. Spurlock, Okl.Cr., 371 P.2d 739, 741; and State v. Anderson, 242 Or. 585, 411 P.2d 259, 260.