**Christopher M. CAREY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 98–217.

Supreme Court of Wyoming.

Aug. 12, 1999.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Michael Dinnerstein, Assistant Appellate Counsel *, Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J.; THOMAS, MACY & HILL, JJ.; and DAN R. SPANGLER, D.J. (RET.)

SPANGLER, District Judge (Retired).

A jury found the appellant guilty of three counts of aggravated assault and battery under Wyo. Stat. Ann. § 6–2–502(a)(ii) (LEXIS 1999).

We affirm.

## ISSUES

The appellant states these issues:

I. Did the trial court deny Appellant his constitutional right to remain silent by refusing to suppress a statement when the police failed to scrupulously honor Appellant's unequivocal invocation of that right?

II. Did the trial court deprive Appellant of his due process right to a fair trial by refusing to explain lesser included offenses to the jury even though it would have been reasonable for the jury to conclude that Appellant had committed those lesser offenses rather than the charged offenses?

## FACTS

On November 16, 1997, the appellant was a resident at the Campbell County Corrections Facility of Gillette. Having received a leisure pass, he spent much of his time that day drinking beer. Following an argument with his girlfriend, Sara Sparks, and her friend, Amber Harlow, the appellant returned to the corrections center. Ms. Sparks and Ms. Harlow also drove to the facility and parked in the street adjacent to the building.

When the appellant entered the facility, he was ordered to take a breathalyzer test. As he blew into the machine, he noticed that he was testing positive for alcohol. He ran to his truck and left the parking lot, accelerating toward Ms. Harlow's car. The appellant struck her car, knocking it backward into another car, and then drove away.

Law enforcement officers pursued the appellant for several miles with lights and siren. After striking two law enforcement vehicles, the appellant's vehicle stopped. Andy Boisvert, a patrol officer with the Gillette police department, approached the appellant's vehicle on foot. The appellant began driving toward him, and the officer fired three shots at the vehicle. Eventually, other officers forced the appellant off the road and transported him to the hospital for treatment of a gunshot wound to his wrist.

Forest Williams, the regional supervisor for the Division of Criminal Investigation, contacted the appellant that night in the emergency room of the hospital. After being advised of his right to remain silent, the appellant stated that he had nothing to say. Agent Williams asked the appellant if he could talk to him later. The appellant stated that it would be okay with him.

At approximately 10:30 a.m. the next morning, Agent Williams again contacted the appellant at the hospital. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16

* Order granting Dinnerstein's motion to withdraw as counsel on behalf of the appellant entered on    May 18, 1999

L.Ed.2d 694 (1966), the appellant indicated that he understood his rights and talked with Agent Williams for at least forty-five minutes before terminating the interview. Among other things, the appellant stated that he was mad at Ms. Harlow and that he drove toward her car in an attempt to strike a "hard" blow to teach her a lesson. Agent Williams also quoted the appellant as saying that he was accelerating forward when Officer Boisvert shot at his truck.

## ADMISSIBILITY OF THE STATEMENT

██ The appellant contends that, once he invoked his right to remain silent, the law enforcement officer violated his rights by obtaining an agreement to talk later. In support of this proposition, the appellant cites the case of *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). However, that decision offers no aid to the appellant. Mosley was arrested for several robberies, and he invoked his right to remain silent. More than two hours later, after *Miranda* warnings had been given again, another detective questioned Mosley about a murder. Mosley's responses were used against him in the murder trial. The Court held that the admission of Mosley's incriminating statement did not violate the principles of the *Miranda* case. At footnote 9, the majority opinion stated:

It is instructive to note that the vast majority of federal and state courts presented with the issue have concluded that the *Miranda* opinion does not create a per se proscription of any further interrogation once the person being questioned has indicated a desire to remain silent.

*Mosley,* 423 U.S. at 103 n. 9, 96 S.Ct. 321.

The appellant also relies upon the case of *United States v. Crisp*, 435 F.2d 354 (7th Cir.1970), *cert. denied,* 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971). This ruling suppressed the statement because the law enforcement officer continued to question the defendant about the offense after he had invoked his right to remain silent. Agent Williams did not do that in this case. Instead of asking the appellant about the offense, he asked only if they could talk later.

██ What the United States Supreme Court said in the *Mosley* case is applicable here:

This is not a case, therefore, where the police failed to honor a decision of a person in custody to cut off questioning, either by refusing to discontinue the interrogation upon request or by persisting in repeated efforts to wear down his resistance and make him change his mind.

423 U.S. at 105–06, 96 S.Ct. 321. We agree with the reasoning in the *Mosley* decision that a blanket prohibition against the taking of a voluntary statement after a defendant terminates questioning would be an irrational obstacle to legitimate police investigative activity and would deprive suspects of an opportunity to make informed and intelligent assessments of their interests. 423 U.S. at 102–03, 96 S.Ct. 321. Therefore, we hold that there is not a per se proscription of indefinite duration upon any further questioning by a law enforcement officer once the person in custody has indicated a desire to remain silent.

██ The appellant also claims that his statement should have been suppressed because it was made involuntarily. He states that he had a bullet in his arm, had not been given additional pain medication after the last dosage had worn off, had not been fed, and was deceived by Agent Williams into thinking that the investigation was of Officer Boisvert's conduct. Prior to trial, a hearing was held on the appellant's motion to suppress. The trial judge found that the appellant's cognitive abilities were not impaired, that he was not overcome by pain to the extent of being deprived of his natural faculties, that he understood his circumstances, and that his statement was made voluntarily. There is substantial evidence in the record to support these findings. The appellant is not able to make a persuasive argument to the contrary. Therefore, we conclude that the appellant's statement was admissible at trial.

## INSTRUCTIONS ON LESSER OFFENSES

██ The appellant claims that the trial court should have given his requested in-

structions on the lesser offenses of simple assault under Wyo. Stat. Ann. § 6–2–501(a) (LEXIS 1999) and battery under Wyo. Stat. Ann. § 6–2–501(b) (LEXIS 1999). A defendant is entitled to have instructions given on his theory of the case if those instructions are accurate statements of the law and if competent evidence exists to support the theory. *Amin v. State*, 811 P.2d 255, 261 (Wyo. 1991). A defendant is entitled to an instruction on a lesser-included offense if the evidence would permit a rational juror to find him not guilty of the greater offense but guilty of the lesser offense. *Nava v. State*, 904 P.2d 364, 367 (Wyo.1995).

The elements of aggravated assault and battery as charged are: (1) The defendant attempted to cause or intentionally or knowingly caused (2) bodily injury to another (3) with a deadly weapon. Section 6–2–502(a)(ii). The elements of simple assault are: (1) The defendant unlawfully attempted to cause (2) bodily injury to another (3) having the present ability to do so. Section 6–2–501(a). The elements of battery are: (1) The defendant intentionally, knowingly, or recklessly caused (2) bodily injury to another. Section 6–2–501(b).

█ The appellant's first theory is that the jury could have found that the motor vehicle driven by him was not a deadly weapon. He cites the case of *Shafsky v. State*, 526 P.2d 60 (Wyo.1974), as stating that it is for the jury to decide whether or not a particular weapon is deadly. However, that case did not involve a question of instructions or lesser offenses. Shafsky was convicted of assault with a deadly weapon for placing his gun against the victim's stomach. 526 P.2d at 60–61. It was Shafsky's theory that the cartridge clip was not pushed into a locking position; that the gun thus would not fire; and that, therefore, it was not a deadly weapon. 526 P.2d at 61. For this reason, he contended on appeal that there was insufficient evidence to convict him. *Id.*

In the *Shafsky* opinion, this Court stated that it was for the jury to say whether the instrument involved was a deadly weapon when it was pointed at the victim. 526 P.2d at 62. But, the Court went on to say, "We do not accept appellant's theory about the gun not being a dangerous or deadly weapon if the cartridge clip was loose." *Id.* Thus, this Court, in the *Shafsky* case, and the trial judge, in the case before us, both found that there was insufficient evidence to conclude that the instrument involved was not a deadly weapon. In the *Shafsky* case, the jury had to make this determination initially as there is no indication that the issue was presented to the trial judge. But the case before us is different. In ruling on the proposed lesser-included offense instruction, the trial judge had to decide if the law and evidence supported the theory that the vehicle was not a deadly weapon. The law is contained in Wyo. Stat. Ann. § 6–1–104(a)(iv) (LEXIS 1999), which states:

> (iv) "Deadly weapon" means but is not limited to a firearm, explosive or incendiary material, motorized vehicle, an animal or other device, instrument, material or substance, which in the manner it is used or is intended to be used is reasonably capable of producing death or serious bodily injury[.]

The evidence demonstrates that the appellant drove his vehicle into the vehicle occupied by Ms. Harlow and Ms. Sparks, knocking it backward into another car. Thereafter, he drove his vehicle toward Officer Boisvert, who fired his weapon and dodged to avoid being hit. Applying the statutory definition to these facts, a rational juror could conclude only that the appellant's vehicle was being used in a manner reasonably capable of producing death or serious bodily injury. The appellant argues that no one suffered death or serious bodily injury. However, that is not the test. The appellant does not explain how one could assault another with a motor vehicle without the vehicle being considered a deadly weapon.

The law and evidence do not support the contention that the appellant's vehicle could have been something other than a deadly weapon. Therefore, the instruction requested on this theory was not supported by the evidence.

█ The appellant has argued a second theory, claiming that the jury could have

found his conduct was not intentional but reckless and he was, therefore, guilty of battery. This theory is not supported by the evidence. The appellant did not testify that his conduct was unintentional but reckless. He claimed that he accidentally struck Ms. Harlow's vehicle because she pulled out in front of him. He also testified that he thought Officer Boisvert was trying to kill him and that he turned to avoid the officer.

The appellant's testimony does not describe the actions of a reckless driver. If the jury had accepted his version, he would have been acquitted of any criminal conduct. Where the defense posed at trial would require acquittal on both the charged offense and lesser-included offenses, a defendant is not entitled to the lesser-included offense instruction. *Paramo v. State*, 896 P.2d 1342, 1346 (Wyo.1995).

## CONCLUSION

We conclude that the trial court properly denied the appellant's motion to suppress his statement to the law enforcement officer and properly refused his request to instruct the jury on battery and simple assault. Therefore, the Judgment and Sentence is affirmed.