NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PETER ALEXANDER JOHANSEN, *Appellant*.

Nos. 1 CA-CR 16-0267, 1 CA-CR 16-0274 (Consolidated)
FILED 3-23-2017

Appeal from the Superior Court in Maricopa County
Nos. CR2013-004792-002, CR2015-101535-001
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

**¶1**      Peter Johansen appeals his convictions and sentences for two counts of disorderly conduct, two counts of burglary in the second degree, and one count of possession or use of dangerous drugs. After searching the entire record, Johansen's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Johansen was afforded an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the record, we find no error. Accordingly, Johansen's convictions and sentences are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**      On January 10, 2015, Officers Santana and Montenegro, of the Mesa Police Department, responded to a report that Johansen, who had an active arrest warrant for a probation violation, was located at a house near the intersection of 54th Street and Main Street. The officers parked a few houses west of the target and proceeded on foot.

**¶3**      Officer Santana immediately observed a green Jeep backed into the driveway. Officer Santana recognized Johansen sitting in the driver's seat, approached the Jeep, and directed Johansen to exit the vehicle. After Johansen disregarded multiple commands, Officer Santana opened the driver's side door and reached into the vehicle to search Johansen for weapons. Officer Santana then felt the vehicle lurch forward and start

---

[1]     "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

down the driveway. Officer Santana held onto the vehicle until it made a sharp right turn and threw him off.

¶4 Meanwhile, Officer Montenegro, while standing in front of the Jeep, observed Officer Santana open the driver's side door. Believing Officer Santana was attempting to pull Johansen out of the vehicle, Officer Montenegro proceeded toward the Jeep before realizing it had started moving forward. Officer Montenegro was able to sidestep the Jeep, which suddenly veered to the right. Thinking the backend of the vehicle was going to strike him, Officer Montenegro fired a shot at the Jeep. Johansen continued driving away from the house toward a friend's house where he was later apprehended.

¶5 The State charged Johansen with two counts of aggravated assault against Officers Santana and Montenegro and alleged Johansen committed the offenses while on release from confinement. At trial, Johansen testified on his own behalf. Johansen stated that his sole intention in driving away from the officers was to avoid arrest for his probation violation and that he never intended to injure or frighten any of the officers. Johansen also admitted he was on probation at the time of the offenses following guilty pleas to three felonies later identified as two counts of burglary in the second degree and one count of possession or use of dangerous drugs.

¶6 The jury acquitted Johansen of aggravated assault but found him guilty of the lesser included offense of disorderly conduct as to each count. The jury also found the State had proven beyond a reasonable doubt two aggravating factors: (1) that Johansen was on felony probation at the time of the offenses; and (2) that the offenses caused physical, emotional, or financial harm to Officers Santana and Montenegro. Based on Johansen's admissions while testifying, the trial court found that Johansen had three historical prior felony convictions. The court additionally found Johansen had violated the conditions of his probation by virtue of his disorderly conduct convictions.

¶7 Johansen's sentencing and disposition hearings were held simultaneously. As to the disorderly conduct convictions, the trial court sentenced Johansen to presumptive, concurrent terms of 3.75 years' imprisonment.[2] Regarding the probation violation, the court revoked

---

[2] Although the trial court identified the disorderly conduct offenses as dangerous offenses without a concomitant jury finding of dangerousness,

Johansen's probation and sentenced him to minimum terms of 2.5 years' imprisonment for two counts of burglary in the second degree and 1.5 years' imprisonment for one count of possession or use of dangerous drugs. Although the court ordered the sentences related to Johansen's probation violations run concurrent to each other, they were to run consecutive to those for Johansen's disorderly conduct convictions.

¶8         Johansen timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

¶9         Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of disorderly conduct if, "with intent to disturb the peace or quiet of a . . . person, or with knowledge of doing so, such person . . . [r]ecklessly handles, displays or discharges a deadly weapon or dangerous instrument." A.R.S. § 13-2904(A)(6). One disturbs another's peace through "tumultuous or offensive conduct" or "threatening, traducing, quarreling, challenging to fight or fighting." *State v. Gortarez*, 103 Ariz. 395, 397 (1968) (citing *Platt v. Greenwood*, 50 Ariz. 158, 162-63 (1937)) (citation omitted). A dangerous instrument is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical

---

that finding was "mere surplusage" as to sentencing in this case, *see State v. Sammons*, 156 Ariz. 51, 55 (1988), because the court elected to sentence Johansen as a repetitive offender under Arizona Revised Statutes (A.R.S.) section 13-703 (2015), rather than as a dangerous offender pursuant to A.R.S. § 13-704 (2015). The court acted within its discretion in choosing the scheme under which it would sentence Johansen. *See, e.g., id.*; *Stokes v. Schriro*, 465 F.3d 397, 402-03 (9th Cir. 2006). In any event, the court appropriately found Johansen's disorderly conduct offenses to be inherently dangerous, as they involved the reckless use of a dangerous instrument. *See* A.R.S. § 13-105(13) (2015), -2904(A)(6) (2015); *see also State v. Larin*, 233 Ariz. 202, 212-13, ¶ 38 (App. 2013) (holding a jury need not make a finding of dangerousness where an element of the offense charged contains an allegation and requires proof of dangerousness) (citations omitted).

[3]     Absent material changes from the relevant date, we cite a statute's current version.

injury," A.R.S. § 13-105(12), which may include a vehicle, *State v. Venegas*, 137 Ariz. 171, 175 (App. 1983).

¶10 Furthermore, "if the defendant commits an additional offense or violates a condition [of probation], [the court] may revoke probation in accordance with the rules of criminal procedure." A.R.S. § 13-901(C). "If there is a determination of guilt . . . of a [subsequent] criminal offense by a probationer . . . , no [probation] violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense." Ariz. R. Crim. P. 27.8(e).

¶11 Based upon the record before us, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Johansen was guilty of the charged offenses. He recklessly handled the Jeep in a manner that disturbed the peace of the officers and caused them to fear for their personal safety. Moreover, once Johansen was convicted of the disorderly conduct offenses, his probation for the three prior felonies could be automatically revoked.

¶12 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Johansen was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). At sentencing, Johansen was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-105(22)(b), (c), -702(D), -703(C), (J), -708(A), (E), -1507(B), -2904(B), -3407(B)(1).

## CONCLUSION

¶13 Johansen's convictions and sentences are affirmed.

¶14 Defense counsel's obligations pertaining to Johansen's representation in this appeal have ended. Defense counsel need do no more than inform Johansen of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶15** Johansen has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Johansen thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA