Argued January 5, affirmed February 16, 1966

# STATE OF OREGON *v.* ANDERSON
411 P. 2d 259

*Donald A. Bick,* Eugene, argued the cause and filed a brief for appellant.

*William F. Frye,* District Attorney, Eugene, argued the cause for respondent. With him on the brief was Donald L. Paillette, Deputy District Attorney, Eugene.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and SCHWAB, Justices.

PERRY, J.

The defendant was convicted of the crime of assault with a dangerous weapon and appeals.

The prosecuting witness, Herbert Rainwater, and the defendant met in a tavern in Springfield. With other parties they then went to another tavern. While at the second tavern, it was proposed that Rainwater, a Mrs. Baker and the defendant go out to Fern Ridge Lake on a picnic. On the way to Fern Ridge Lake they stopped at a grocery store and Rainwater purchased a "six pack of Blitz" beer. The beer was in bottled containers referred to as "stubbies." When they arrived at the Fern Ridge picnic grounds, Rainwater stepped out of defendant's automobile and walked around in front of the vehicle. He testified as to what happened as follows:

"A First thing I knew, * * *, I had a bump on my head and I hit the ground on my elbows and knees, but it didn't knock me out, * * *.

"* * * * *

"Q Now, after you fell down in this position on your elbows and knees, I think you said, then

you got back up again. Tell the jury exactly what you saw, who you saw and what was happening?

"A  Well, as I wheeled I saw him [Anderson] with a bottle and he hit me and he knocked me out."

Mr. Rainwater also testified that the bottle broke and when he wiped his hand over his face he felt glass and mud.

The defendant moved for a directed verdict of acquittal of the charge of assault with a dangerous weapon on the ground that, since a beer bottle is not a dangerous weapon per se and expert testimony was not offered to establish the fact that it may be a dangerous weapon under certain circumstances, the state failed to prove a necessary element of the crime.

■ The defendant relies upon *State v. Linville,* 127 Or 565, 273 P 338. In that case the assault was made with a flashlight, and a medical witness was permitted, over objection, to give his opinion that the flashlight used as a club was a dangerous weapon. The court held this was not reversible error. There is no hint in that case by this court that the testimony of an expert was necessary to establish the fact that an article which was not dangerous when used as intended was dangerous when used in some other manner.

"A dangerous weapon is one capable of producing death or great bodily harm." *State v. Godfrey,* 17 Or 300, 20 P 625.

The test of a dangerous weapon—not so clearly lethal as to be dangerous per se, such as "guns, swords, knives, pistols"—depends on whether or not a jury can reasonably find that the article as used was capable of producing death or great bodily harm. *State v. Godfrey,* supra.

■ In the case now before us, the bottle was used as

a club and Rainwater was rendered insensible by a blow on the head. It would seem beyond any doubt that from these facts the jury, as men of ordinary intelligence, could reasonably find, without resorting to expert testimony, that a stubby beer bottle used as a club was capable of causing great bodily harm. See *People v. Cordero,* 92 Cal App2d 196, 206 P2d 665; *State v. Reynolds,* 209 La 455, 24 So2d 818; *Bald Eagle v. State of Oklahoma,* (Okla Cr, 1960) 355 P2d 1015.

■ The defendant also contends that the trial court was in error in denying his motion for a mistrial. His motion came while he was cross-examining the prosecuting witness and is as follows:

> "And I would counter that, Your Honor, by moving for a mistrial on the grounds that I have not been able to get any answers here, that it's completely confused everybody, and I think on that basis that there's been so many things strained and so much for the jury to disallow that we can't have a fair trial of this case."

An examination of this portion of the record clearly shows that the trial court did not err in this regard.

■ The defendant also contends that the trial court erred in failing to give the statutory instruction:

> "(6) That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,
>
> "(7) That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust." ORS 17.250.

The defendant did not request the giving of this instruction. A court's failure to give this instruction does not constitute reversible error unless the instruction is requested and refused. *State v. Chase,* 106 Or 263, 211 P 920.

The judgment is affirmed.