Argued April 4, affirmed May 17, 1972

FAIN, *Appellant, v.* HUGHES, *Respondent.*

497 P2d 198

*Dudley C. Walton,* Roseburg, argued the cause for appellant. On the brief were Carl M. Felker, and Geddes, Felker, Walton & Richmond, Roseburg.

*George M. Joseph,* Portland, argued the cause for respondent. With him on the brief were Bemis, Breathouwer & Joseph, Portland.

BRYSON, J.

Plaintiff brought this action for damages for injuries he sustained in a collision between the automobile he was driving and the vehicle operated by the defendant. Plaintiff alleged negligence on the part of the defendant, including failure to exercise proper control of the vehicle and operating his vehicle while under the influence of intoxicating liquor. The jury returned a verdict in favor of the defendant and judgment was entered accordingly.

The plaintiff appeals and raises three issues: (1) the court erred in striking the issue of intoxication as not being supported by the evidence; (2) the court erred in instructing that the defendant has no burden of proof but may present evidence contrary to the plaintiff; and (3) the court erred in failing to grant plaintiff's motion for a new trial.

Only a brief review of the facts is necessary to place the questions raised on appeal in perspective. At 5:15 p.m. on December 4, 1969, the defendant was driving south on old Pacific Highway 99 near Winston, Oregon. As his pickup truck approached the intersection of Highway 99 with Helweg Road, an unidentified vehicle turned right onto Highway 99 from Helweg Road. Defendant applied his brakes and turned his vehicle to the left to avoid striking the automobile, but

encountered plaintiff's vehicle approaching him and traveling northerly. Defendant and plaintiff swerved their vehicles to their left in an attempt to avoid a head-on impact and escaped with a glancing blow to the right sides of their vehicles. When the investigating officer arrived at 5:55 p.m., the defendant stated that he had consumed three or four beers during the afternoon. However, Officer Robinson observed no sign of intoxication on the part of the defendant.

■ The plaintiff contends that the court erred in removing the allegation from plaintiff's complaint that the defendant was operating his vehicle while under the influence of intoxicating liquor. The only evidence regarding defendant's drinking of intoxicating liquor is defendant's statement at trial that, while doing some work around the house in the afternoon and before the accident, he had three or four beers; Officer Robinson's testimony that the defendant stated at the scene of the accident that he had three or four beers that afternoon; and Officer Robinson's testimony, based on his observations at the scene of the accident, that defendant was not under the influence of intoxicating liquor. We stated, in *Fossi v. George.* 191 Or 113, 116, 228 P2d 798 (1951):

"* * * Evidence that defendant had been drinking intoxicating liquor, without proof that he had drunk enough to render him incapable of giving to his driving the care and attention of a reasonably prudent driver, would not have been sufficient to take the case to the jury on the intoxication specification. 4 Shearman & Redfield on Negligence, Rev. ed., 1645, § 700 * * *."

In this case, there was no evidence of any perceptible effects of drinking and the court properly removed the issue of intoxication from consideration by the

140

jury. Defendant's lack of control still remained an issue before the jury.

■■ The second issue on appeal arose in the following manner: The court gave an instruction on emergency and then instructed the jury:

> "Now, the law provides that the party having the affirmative of an issue has the burden of proof and that means the plaintiff has the burden of proof in this case. The plaintiff must prove his claims by a preponderance of the evidence to prevail. Preponderance of the evidence means the greater persuasive weight of the evidence in your minds. It is such evidence that, when weighed with that opposing it, has more convincing force and is more probably true and accurate. So if upon any question of fact in the case the evidence is in your minds equally balanced or you cannot say upon which side it weighs the heavier or if it weighs against the plaintiff on a question of fact, then you must resolve that question of fact against the plaintiff. *The defendant has no burden of proof but may, insofar as he can and wishes to do so, present evidence contrary to the plaintiff.*" (Emphasis supplied.)

The only exception plaintiff took to the instructions was:

> "* * * [W]e would except to the court's failure to give an instruction concerning the shifting of the requirement or going forth with the proof as to the affirmative of this matter of an emergency on the part of the defendant. The court did mention the third party negligence and so forth and also mentioned the emergency doctrine but the only instruction we had anywhere along the line of the proof of all of the allegations and everything were upon the plaintiff in every respect and there was no instruction by the court that this matter of the emergency or the third party negligence contribu-

ting to or causing the accident. I believe the rule to be there should have been an instruction in that regard. The question of proof must go forward by the defendant and he has the same burden in that regard to establish that fact that the plaintiff has in actually alleging and stating the grounds of negligence."

The plaintiff seems to be excepting to the last sentence of the above instruction although he did not specifically advise the court of this contention. He did contend that the court should have instructed the jury that the defendant should go forward with proof as to the existence of an emergency. This is not a proper matter on which the court should instruct the jury. It is a matter of procedure and evidence for the court. Secondly, a review of the transcript reveals that the plaintiff did not submit or request an instruction on the subject for which he now contends. Failure to give an instruction does not constitute reversible error unless the instruction is requested and refused. *State v. Anderson,* 242 Or 585, 589, 411 P2d 259 (1966); *Poulsen v. Johnson,* 182 Or 297, 305, 186 P2d 521 (1947). The plaintiff relies upon *Raz v. Mills,* 231 Or 220, 226, 227, 372 P2d 955 (1962) and *Gum, Adm. v. Wooge et al,* 211 Or 149, 160, 315 P2d 119 (1957), neither of which supports plaintiff's position in this regard.

■ Plaintiff's final assignment of error is the court's failing to grant his motion for a new trial. The motion was based on the assignments of error heretofore discussed.

"* * * This court has repeatedly held that denial of a motion for a new trial based upon alleged error committed at the time of trial, of which the appellant had knowledge at the time, may not be assigned as error on appeal. [Citations omitted.]"

*Stuart v. Kelsay,* 261 Or 326, 332, 494 P2d 249 (1972).

Affirmed.