60 P.3d 530 (2002)
335 Or. 130
BEALL TRANSPORT EQUIPMENT COMPANY, an Oregon corporation, Respondent on Review,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware corporation; Union Pacific Railroad Company, a Utah corporation; City of Portland; State of Oregon, by and through the Department of Motor Vehicles; John Hren; John R. Greisen; Thomas Morrison; W. Raymond Horn; Stuart Abrams; Wayne C. Klepper; and Stuart Abrams, dba Abrams Metals, Inc., Defendants, and
Abrams, Inc., dba Abrams Scrap Metals, Inc., Petitioner on Review.
Southern Pacific Transportation Company, a Delaware corporation; and Union Pacific Railroad Company, a Utah corporation, Respondents on Review,
v.
Wayne C. Klepper, Third-Party Defendant, and
Stuart Abrams, Petitioner on Review.
CC 9701-00347; CA A102619; SC S48108
Supreme Court of Oregon.
Argued and Submitted January 10, 2002.
Decided December 27, 2002.
Michael H. Bloom, Portland, argued the cause and filed the briefs for petitioners on review. With him on the petition was Thomas M. Christ.
Patrick L. Block, of Buono Block P.C., Portland, argued the cause and filed the briefs for respondent on review Beall Transport Equipment Company. With him on the briefs was Steven G. Marks.
Jeffrey M. Kilmer, of Kilmer, Voorhies & Laurick, P.C., Portland, argued the cause and filed the briefs for respondents on review Southern Pacific Transportation Company and Union Pacific Railroad Company. With him on the briefs was Gregory B. Snook.
*531 Before CARSON, Chief Justice, and GILLETTE, DURHAM, LEESON, RIGGS, and BALMER, Justices.[**]
LEESON, J.
Abrams's[1] petition for review presents two issues. The first is whether the Court of Appeals erred in applying the "abuse of discretion" standard of review in reviewing the trial court's denial of Abrams's motion for a mistrial following an off-the-record, ex parte communication between an opposing lawyer and a juror. The second is whether Abrams preserved the error it assigned on appeal, namely, the trial court's failure to give a jury instruction that Abrams had requested. We decline to address the mistrial issue, because Abrams failed to raise it in the Court of Appeals. In regard to the jury instruction issue, for the reasons that follow, we reverse the decision of the Court of Appeals.
We take the following undisputed facts primarily from the Court of Appeals' opinion. In May 1995, Klepper, the manager of Southern Pacific's Brooklyn Yard in Portland, sold several semi-trailers to Abrams, a scrap metal dealer. Klepper falsely told Abrams that Southern Pacific owned the trailers and that Klepper was selling them on behalf of Southern Pacific. In fact, Southern Pacific only leased the trailers. By the end of 1996, Klepper had sold Abrams more than 100 such trailers, and Abrams, in turn, had sold at least 79 of the trailers to Beall Transport Equipment Co. (Beall), a used trailer dealer, which in turn sold 55 of the trailers to third parties. Southern Pacific officials eventually learned that their leased trailers were missing and, with the help of the police, recovered many of the trailers from Abrams and Beall.
Those circumstances led to two lawsuits. In one, Beall filed a complaint against Southern Pacific[2] and Abrams, alleging conversion, breach of contract, breach of warranty, and fraud. Southern Pacific filed a cross-claim against Abrams for conversion, and Abrams filed a cross-claim against Southern Pacific for conversion and indemnity. In the second lawsuit, Abrams filed a complaint against Southern Pacific, alleging, in part, breach of contract and conversion. Southern Pacific filed a counterclaim against Abrams, again alleging conversion. The court consolidated the two lawsuits.
Before trial, the court granted Beall's motion for partial summary judgment against Abrams on Beall's breach of contract claim. The only issues for trial were the amount of damages that Abrams owed on Beall's breach of contract claim, the merits of Beall's fraud claim against Abrams, and Abrams's and Southern Pacific's claims against each other.
During a recess at trial, the lawyers representing Abrams and Southern Pacific went into chambers with the judge to discuss a matter that concerned only those parties. During that time, the lawyer representing Beall spoke to two members of the jury. Thereafter, Abrams moved for a mistrial. A subsequent inquiry revealed that the ex parte communication consisted of the lawyer's comment on one juror's attire and a statement to another juror that the lawyer recognized the juror as an employee of a pub that the lawyer recently had visited. The trial court denied Abrams's motion for a mistrial.
At the close of all the evidence, Abrams submitted section 222A of Restatement (Second) of Torts (1965)[3] as a written jury *532 instruction on conversion. The trial court gave Southern Pacific's requested instruction instead. That instruction consisted of the first paragraph of section 222A only.
The jury returned two special verdicts. In one verdict, the jury awarded Beall damages on its breach of contract claim against Abrams but found that Abrams did not commit fraud. In its second verdict, the jury found that Southern Pacific was entitled to damages from Abrams for conversion. Southern Pacific and Abrams then litigated the amount of those damages in a trial to the bench. After that trial, the trial court entered judgments on the jury's verdicts and on its own damages award.
Abrams appealed, raising six assignments of error. As relevant to the issues on review, the Court of Appeals affirmed the trial court's denial of Abrams's motion for a mistrial. Beall Transport Equipment Co. v. Southern Pacific, 170 Or.App. 336, 349, 13 P.3d 130 (2000). The Court of Appeals also held that Abrams had not preserved its objection to the trial court's failure to give Abrams's requested jury instruction containing the complete text of section 222A of the Restatement. Id. at 357, 13 P.3d 130.
On review, Abrams first argues that the Court of Appeals erred in reviewing for abuse of discretion the trial court's denial of his motion for a mistrial. Abrams contends that the abuse of discretion standard is appropriate only when an ex parte communication is between a party and a juror, or between a witness and a juror. According to Abrams, a communication between a lawyer and a juror is analogous to a communication between a judge and a juror, and should be considered error as a matter of law. Huntley v. Reed, 276 Or. 591, 594, 556 P.2d 122 (1976) (holding new trial required after judge's ex parte communication with jury in response to jury question during deliberations because there was "no way of reaching a conclusion about what transpired other than by adopting the judge's recollection").
However, Abrams asked the Court of Appeals to review for abuse of discretion the trial court's denial of Abrams's motion for a mistrial based on the lawyer-juror ex parte communication. Even assuming that some other standard of review is appropriate when reviewing the denial of a motion for mistrial based on lawyer-juror ex parte communications, we will not address Abrams's argument on that point for the first time on review. See Tarwater v. Cupp, 304 Or. 639, 643-45 & n. 5, 748 P.2d 125 (1988) (refusing to address on review argument different from one made before Court of Appeals).
We turn to Abrams's contention that the trial court erred in refusing to give Abrams's requested jury instruction regarding conversion. As noted, the Court of Appeals held that Abrams had not preserved that error. Beall, 170 Or.App. at 357, 13 P.3d 130. Specifically, the Court of Appeals held that, under ORCP 59 H, set out below, 335 Or. at 137, 60 P.3d 533, "the general rule is that a litigant * * * need not except to failure to give a requested instruction, because the trial court's refusal to give the requested instruction `import[s] an exception.' " 170 Or.App. at 352, 13 P.3d 130 (emphasis and brackets in original) (quoting ORCP 59 H). However, the Court of Appeals, citing this court's decisions in Holland v. Srs. of St. Joseph, Seeley, 270 Or. 129, 522 P.2d 208, on reh'g, 270 Or. 129, 526 P.2d 577 (1974), and Roberts v. Mitchell Bros., 289 Or. 119, 611 P.2d 297 (1980), stated that there is an exception to that general rule: If the requested instruction does not "clearly and directly" alert the trial court to the difference between the instruction requested and the instruction that the court chooses to give, and if the requested instruction does not tell the court "why the court's [chosen instruction is] wrong," then requesting an alternative instruction is not sufficient to preserve the claim that the trial court erred in refusing to *533 give the requested instruction. Id. at 356-57, 13 P.3d 130.
Abrams contends that the Court of Appeals' conclusion contradicts ORCP 59 H. Abrams argues that, under that rule, requesting an instruction "imports an exception," so the party requesting the instruction is not required also to except to the trial court's failure to give that instruction. Southern Pacific responds that this court should adopt the Court of Appeals' analysis and holding.[4]
We begin with the text of ORCP 59 H. See Mulier v. Johnson, 332 Or. 344, 349, 29 P.3d 1104 (2001) (court applies usual statutory construction method when construing Oregon Rules of Civil Procedure). That rule provides, in part:
" * * * [N]o instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is made immediately after the court instructs the jury. Any point of exception shall be particularly stated and taken down by the reporter or delivered in writing to the judge. It shall be unnecessary to note an exception in court to any other ruling made. All adverse rulings, including failure to give a requested instruction * * *, shall import an exception in favor of the party against whom the ruling was made."
The first two sentences of ORCP 59 H describe what a party must do in the trial court to preserve an error in instructing the jury: The party must point out the error to the judge immediately after the judge has instructed the jury, and the party must "particularly state" the objection and either deliver the objection to the judge in writing or make sure that the court reporter takes down the objection. The next sentence makes clear that, under the rules of civil procedure, a party need not take those steps to preserve error regarding "any other ruling made." The last sentence specifies that the trial court's "failure to give a requested instruction" is among the rulings to which a party need not except:
"It shall be unnecessary to note an exception in court to any other ruling made. All adverse rulings, including failure to give a requested instruction * * *, shall import an exception in favor of the party against whom the ruling was made."
(Emphasis added.)
By its terms, therefore, ORCP 59 H provides, first, that a party must object specifically to a jury instruction that the trial court gives immediately after the trial court instructs the jury. Second, the rule provides that a party is not required to make a similar objection to the trial court's refusal to give an instruction that the party had requested. See Hernandez v. Barbo Machinery Co., 327 Or. 99, 105, 957 P.2d 147 (1998) ("[I]f a party requests a jury instruction that correctly states the law on the subject in issue, that party need not register a separate objection to the court's other instructions in order to preserve for appellate review the question whether the court erred in declining to deliver the requested instruction.").
Nonetheless, Southern Pacific argues that this court's cases compel a different result. Specifically, Southern Pacific argues that this court has created an "exception" to the rule stated in the last sentence of ORCP 59 H. Under that exception, Southern Pacific argues, a party must do more than merely request a jury instruction to preserve for appeal its objection to the trial court's failure to give that instruction. Rather, the party also must show that the instruction that it requested "clearly and directly" alerted the trial court to the error in an instruction that the court gave.
*534 As noted above, Southern Pacific bases its argument on this court's decisions in Holland and Roberts. Before discussing those cases, we first must address this court's decision in Crow v. Junior Bootshops, 241 Or. 135, 404 P.2d 789 (1965), the case upon which both Holland and Roberts relied.
In Crow, the defendant assigned error on appeal to the trial court's failure to give the defendant's requested instruction on contributory negligence. 241 Or. at 141, 404 P.2d 789. The defendant had not excepted specifically when the trial court instructed the jury that it should consider contributory negligence only in mitigation. Id. However, the defendant had requested a jury instruction that correctly stated the law in effect at the time, namely, that contributory negligence was a bar to recovery. Id.
The statute that governed the preservation of jury instruction error at the time of this court's decision in Crow was former ORS 17.510 (1963), repealed by Or. Laws 1979 ch. 284, § 199, which provided:
"[N]o instruction given to a jury in the circuit court shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception was made in the circuit court. It shall be unnecessary to note an exception in the circuit court to any other ruling made. All adverse rulings except those contained in instructions given shall import an exception in favor of the party against whom the ruling was made."
Unlike ORCP 59 H, former ORS 17.510 did not state explicitly that it was unnecessary to except to the trial court's failure to give a requested jury instruction. Nevertheless, this court held that the defendant had preserved the error at issue. Relying on this court's decision in Ira v. Columbia Food Co. et al, 226 Or. 566, 573, 360 P.2d 622 (1961) ("Exceptions to the refusal to give requested instructions are automatic under ORS 17.510."), this court explained that "[i]t is not necessary to except to the court's failure to give a requested instruction." Id.
Southern Pacific and Abrams agree that, in Crow, this court held that a party does not need to except to a trial court's refusal to give that party's requested instruction. However, Southern Pacific argues that this court's decision in Holland modified Crow by holding that Crow's "automatic exception" rule applies only to those requested instructions that "clearly and directly" call the trial court's attention to the error. As explained below, we disagree with Southern Pacific's reading of Holland.
Holland was a medical malpractice case in which the plaintiff, in writing, had requested an instruction about the law of informed consent that described the physician's duty to warn the patient of certain risks. 270 Or. at 141, 522 P.2d 208. The trial court refused to give that instruction and, instead, instructed the jury that the standard governing the defendant physician's conduct was whether he advised the plaintiff of the risks and feasible alternatives that "a reasonably prudent physician specializing in radiology would have explained under the same or similar circumstances." Id. at 132-33, 522 P.2d 208. On appeal, the plaintiff contended that the trial court erred in giving that "reasonably prudent physician" instruction to the jury. Id. at 132, 522 P.2d 208. Citing Crow, the plaintiff contended that she had preserved that error by requesting her own instruction containing a correct statement of the physician's duty to warn. Id. at 133, 522 P.2d 208.
This court disagreed. Id. at 141, 522 P.2d 208. It held that requesting a jury instruction does not preserve automatically the error in the instructions given, unless the requested instruction "clearly and directly" informed the trial court that it was error to give that instruction. Id.
The plaintiff in Holland thus was in a different position than the defendant in Crow. In Crow, as discussed above, the error asserted was error in failing to give the jury a requested instruction, and this court held that the defendant had preserved that error automatically by requesting the instruction. In Holland, by contrast, the error at issue regarded error in the instruction given to the jury, and the plaintiff argued that she had preserved that error by having requested an instruction on *535 the same topic.[5]Holland, therefore, did not undermine the holding of Crow that the refusal to give a requested instruction automatically preserves the error of failing to give that instruction.
Finally, we turn to Roberts. In that case, the trial court refused to give the defendant's requested instruction regarding bailment. 289 Or. at 123-24, 611 P.2d 297. On appeal, the defendant assigned error to the trial court's failure to give the defendant's requested instruction. Id. at 121, 611 P.2d 297. The plaintiff argued that the defendant had failed to preserve its claim of error regarding the trial court's failure to give the instruction that the defendant had requested, because the defendant had not objected to the instructions that the court had given. Id. at 127-28, 611 P.2d 297. This court rejected that argument, relying on Crow for the proposition that exceptions are not required when trial courts refuse to give requested instructions. Id. at 128, 611 P.2d 297.
Although the court reached the correct result in Roberts, we acknowledge and now disavow the suggestion in Roberts that a requested instruction must "clearly and directly" call to the trial court's attention its error in failing to give that instruction. See id. at 131, 611 P.2d 297 ("Because defendant preserved * * * error by requesting an instruction that `clearly and directly' called to the attention of the trial court its error in failing to instruct the jury on the question of negligence, * * * the defendant * * * was entitled to appeal from the failure to give that instruction."). Any misinterpretation of Holland in Roberts did not affect the outcome in that case, nor has it affected this court's reasoning in more recent cases. See, e.g., Bennett v. Farmers Ins. Co., 332 Or. 138, 153, 26 P.3d 785 (2001) (correctly stating preservation rule regarding appeal from trial court's failure to give proffered jury instruction).
In sum, neither Holland nor the text of ORCP 59 H requires a party to except to the trial court's refusal to give that party's requested jury instruction to preserve for appeal the argument that the court erred in failing to give that instruction. In this case, Abrams requested a jury instruction containing the complete text of section 222A of the Restatement. By requesting that instruction, Abrams preserved for appeal the question whether the trial court erred in failing to give that instruction to the jury. On remand, the Court of Appeals must address the merits of Abrams's assignment of error. See State ex rel Carlile v. Frost, 326 Or. 607, 617, 956 P.2d 202 (1998) ("When this court concludes that the Court of Appeals has erred in not deciding an issue on the merits, it usually remands the case to that court to consider the issue in the first instance.").
The decision of the Court of Appeals is affirmed in part and reversed in part, and the case is remanded to the Court of Appeals for further proceedings.
NOTES
[**] De Muniz, J., did not participate in the consideration or decision of this case.
[1] In this opinion, "Abrams" refers to Stuart Abrams; Stuart Abrams, dba Abrams Metals, Inc.; and Abrams, Inc., dba Abrams Scrap Metals, Inc. As explained below, Abrams was the defendant in one of two consolidated actions and the plaintiff in the other.
[2] Beall's complaint listed Southern Pacific Transportation Company and Union Pacific Railroad Company as defendants. In this opinion, we refer only to defendant Southern Pacific. According to the railroads, Union Pacific has acquired Southern Pacific.
[3] Abrams requested the following instruction:

"Conversion is an intentional exercise of dominion or control over personal property which so seriously interferes with the right of another to control it that the actor may be justly required to pay the full value of the personal property.
"In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:
"(a) The extent and duration of the actor's exercise of dominion or control;
"(b) The actor's intent to assert a right in fact inconsistent with the other's right of control;
"(c) The actor's good faith;
"(d) The extent and duration of the resulting interference with the other's right of control;
"(e) The harm done to the chattel; and
"(f) The inconvenience and expense caused to the other."
[4] Southern Pacific also contends that there is no evidence in the record that the trial court in fact refused to give Abrams's requested instruction and, therefore, that this court should not address Abrams's argument regarding preservation. Southern Pacific relies on Fain v. Hughes, 262 Or. 137, 141, 497 P.2d 198 (1972), in which this court stated that "[f]ailure to give an instruction does not constitute reversible error unless the instruction is requested and refused." In Fain, however, the plaintiff never requested a jury instruction but nonetheless assigned error to the court's failure to give the instruction that the plaintiff had wanted. Id. at 141. Fain is inapposite here, where it is undisputed that Abrams requested a jury instruction containing the six "factors" bearing on conversion set out in section 222A of the Restatement.
[5] We acknowledge that, on first hearing the case in Holland, this court referred to the error at issue as the trial court's failure to give the instruction that plaintiff had requested. 270 Or at 134, 522 P.2d 208. In its opinion on rehearing, however, this court stated that the error before it was the erroneous jury instruction that the trial court gave, id. at 140-41, 522 P.2d 208, and that distinction was dispositive.