Argued and submitted November 30, 2004, affirmed March 16, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL SHANE DERRICK,
*Appellant.*

### MI022321; A121535

108 P3d 608

Mary-Shannon Storey, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from his convictions for assault in the fourth degree, interfering with a police officer, and three counts of harassment. He assigns error to the trial court's failure to instruct the jury on self-defense and defense of others. He argues that we should consider his assigned errors as "plain error" if they were not adequately preserved. The state responds that defendant failed to object to the court's failure to give the requested instructions and his assignments are therefore unpreserved. The state also argues that the trial court did not err by failing to give the instructions and that any error was harmless. We affirm.

Defendant witnessed the arrest of his cousin, Hibbets. The arrest occurred on the sidewalk in front of defendant's house. Defendant initially watched the arrest from his house. However, during the arrest, he opened his front door and advanced towards the arresting officers in a threatening manner. An officer told defendant that, if he did not go back inside his house, the officer would spray him with pepper spray. Defendant refused, and the officer sprayed him with pepper spray. Defendant then went back inside his house. However, defendant subsequently opened his front door. The officer then sprayed defendant with pepper spray again, and defendant spit on the officer. After defendant spit on the officer, the officer decided to arrest him. Defendant opened his door and spit on the officer a total of three times. He was sprayed each time.

The officer then opened defendant's door and sprayed pepper spray into defendant's house. Defendant slammed the front door on the officer's hand. Defendant was arrested and prosecuted on various charges.

■ Defendant asked the trial court to instruct the jury on defense of a person, Uniform Criminal Jury Instruction 1107, and self-defense to an arrest made with unreasonable physical force, Uniform Criminal Jury Instruction 1227. Uniform Criminal Jury Instruction 1107 provides, in part, that the "defense of [self-defense]/[defense of others] has been raised." (Brackets in original.) Defendant did not indicate to the trial court whether he was requesting the instruction of

self-defense, defense of others, or both. However, the court understood defendant to be requesting an instruction that

"a person is justified in using physical force on another person to *defend himself* * * * from what he reasonably believes to be the use or imminent use of unlawful physical force. In defending, a person may only use that degree of force which he reasonably believes to be necessary."

(Emphasis added.) Thus, the trial court understood defendant to be requesting a self-defense instruction but not an instruction on the defense of others. After the trial court communicated that belief, defendant did not tell the court that he was seeking both a self-defense instruction and a defense-of-others instruction. Because defendant failed to tell the trial court that he was seeking a defense-of-others instruction, his claim that the trial court should have given a defense-of-others instruction is unpreserved. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). We therefore do not consider defendant's argument that the trial court should have instructed the jury on defense of others.

■     We turn to defendant's argument that the trial court should have instructed the jury on both self-defense and self-defense to an arrest made with unreasonable physical force. Defendant requested both of those instructions, and the court indicated that it would instruct the jury on those defenses. The court instructed the jury on self-defense to an arrest made with unreasonable physical force. However, it did not instruct the jury on self-defense. After it had instructed the jury, the court asked defendant whether he had any exceptions to the instructions. Defendant said that he did not.

ORCP 59 H provides:

"No statement of issues submitted to the jury pursuant to subsection C(2) of this rule and no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception is made immediately after the court instructs the jury. Any point of exception shall be particularly stated and taken down by the reporter or delivered in writing to the judge. It shall be unnecessary to note an exception in court to any other ruling made. *All adverse rulings, including failure to give a requested instruction or a*

*requested statement of issues,* except those contained in instructions and statements of issues given, *shall import an exception in favor of the party against whom the ruling was made."*

(Emphasis added.) ORCP 59 H applies to criminal actions. ORS 136.330(2). Defendant argues that, because the trial court failed to instruct the jury on self-defense after he asked the court to give the instruction, he adequately preserved his claim of error. The state responds that defendant failed to preserve the error because the trial court did not make an adverse ruling on the requested instruction but simply forgot to give it.

Both parties cite *Beall Transport Equipment Co. v. Southern Pacific,* 335 Or 130, 60 P3d 530 (2002), as support for their arguments. In *Beall Transport Equipment Co.,* Abrams and Southern Pacific submitted to the trial court two different jury instructions on conversion. The court gave Southern Pacific's requested conversion instruction but not the instruction requested by Abrams. Abrams appealed, arguing that the court erred in refusing to give his requested instruction. Southern Pacific claimed that Abrams had failed to preserve his assignment of error. In resolving that issue, the Supreme Court determined that the last sentence of ORCP 59 H does not require "a party to except to the trial court's refusal to give that party's requested jury instruction to preserve for appeal the argument that the court erred in failing to give that instruction." *Id.* at 141. The court determined that, by instructing the jury on Southern Pacific's conversion instruction, the trial court had refused to give Abrams' conversion instruction. That refusal was an "adverse ruling" under ORCP 59 H and Abrams was therefore not required to except to the trial court's failure to give his requested instruction in order to preserve the issue for appeal.[1]

---

[1] *See also Bennett v. Farmers Ins. Co.,* 332 Or 138, 152-53, 26 P3d 785 (2001) ("Under ORCP 59 H, to preserve an error in instructions given to a jury for appellate review, the aggrieved party must point out the error to the trial court, and a notation of that exception must be made after the court instructs the jury. By contrast, to preserve an error in failing to give a requested instruction, the aggrieved party need not make any further objection; under ORCP 59 H, the trial court's *adverse ruling* concerning the requested instruction 'imports an exception.'" (Emphasis added.)).

In this case, unlike in *Beall Transport Equipment Co.*, the trial court did not select between two conflicting instructions. Rather, it stated that it would give defendant's requested instruction and then did not do so. Thus, the question presented is whether defendant had to except to the trial court's failure to give the self-defense instruction that the court had agreed to give in order for defendant to preserve for appeal the failure to give the instruction. The answer turns on whether, by not giving the requested instruction, the trial court made an adverse ruling within the meaning of ORCP 59 H.

A ruling is "[t]he outcome of a court's decision either on some point of law or on the case as a whole." *Black's Law Dictionary* 1360 (8th ed 2004). The record is not clear on whether the trial court changed its mind and decided not to give the requested instruction or simply forgot to give it. However, in light of the trial court's statement that it would give the requested instruction and the absence of any contrary indication of its intentions, other than the failure to give the requested instruction, we cannot say on this record that the trial court made an adverse ruling. Because we do not conclude that the trial court made an adverse ruling, defendant was obligated to bring the issue to the court's attention in order to clarify whether the court was making an adverse ruling or had simply forgotten to give the instruction. *Bennett v. Farmers Ins. Co.*, 332 Or 138, 154, 26 P3d 785 (2001) ("To have preserved an error of omission in the jury instructions given, [a party] must have pointed out that error of omission to the trial court, and an exception must have been made immediately after the court instructed the jury."). Defendant failed to preserve the asserted error.

■ ■ We turn to defendant's argument that the trial court's failure to instruct the jury on self-defense or defense of others was plain error. Defendant's theory is that, because evidence in the record indicates that he acted in self-defense and defense of others, the trial court plainly erred in failing to instruct the jury on self-defense and defense of others. Under ORAP 5.45(1), we have discretionary authority to consider unpreserved error that is "apparent on the face of the record." For an error to qualify under that provision, it must satisfy three criteria:

"(1) it must be an error of law; (2) it must be apparent, meaning the point of law must be obvious, that is, not reasonably in dispute; and (3) it must appear on the face of the record, meaning the court need not look beyond the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable."

*State v. Thackaberry*, 194 Or App 511, 513-14, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005) (internal quotation marks omitted); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

As we discussed above, defendant did not ask the trial court to give a defense of others instruction. Therefore, the court did not commit plain error by failing to instruct the jury on defense of others. *State v. Woodfield*, 62 Or App 69, 72, 659 P2d 1006, *rev den*, 295 Or 259 (1983). Notably, defendant does not complain that the trial court erroneously instructed the jury on self-defense, but contends that the court should have given the jury his requested self-defense instruction.

After defendant spit on the officer, the officer used force in an attempt to arrest defendant. As to that exercise of force, although the instruction of self-defense to an arrest made with unreasonable force was proper, a self-defense instruction was not. *See State v. Wright*, 310 Or 430, 433-36, 799 P2d 642 (1990). Therefore, defendant's proposed instruction was not a correct statement of law as to that exercise of force. It follows that the trial court did not err in failing to give defendant's requested instruction. *Id.* at 437. In reaching our conclusion, we note that

"an uncomfortable tension sometimes exists between the principle that a reviewing court is not permitted to review the merits of an unpreserved claim * * * and the practical reality that a court may have to do so to assess whether the error is an obvious one and not reasonably in dispute. *See also State v. Oatney*, 335 Or 276, 294, 66 P3d 475 (2003)[, *cert den*, 540 US 1151 (2004)] ('There is no reason to [consider whether an alleged error] is 'error apparent on the face of the record' without first determining whether it was error at all.')."

*State v. Caldwell*, 187 Or App 720, 724 n 2, 69 P3d 830 (2003), *rev den*, 336 Or 376 (2004).

Affirmed.