Submitted February 11, reversed and remanded on plaintiff's wage claim; otherwise affirmed June 24, 2015

Navroop DOSANJH,
*Plaintiff-Appellant,*

*v.*

NAMASTE INDIAN RESTAURANT, LLC,
a limited liability company,
*Defendant-Respondent.*

Multnomah County Circuit Court
111114861; A153541

353 P3d 1243

James W. Moller argued the cause and filed the briefs for appellant.

Steven C. Burke argued the cause for respondent. With him on the brief was Case & Dusterhoff, LLP.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

## FLYNN, J.

Plaintiff, Navroop Dosanjh, brought a wage claim against defendant, Namaste Indian Restaurant, which brought a counterclaim for conversion. A jury returned verdicts for defendant on both the claim and counterclaim, and plaintiff appeals from the judgment. We reject without written discussion plaintiff's assignments of error to the trial court's denial of her motion for a directed verdict and motion for a judgment notwithstanding the verdict on the conversion counterclaim. We address plaintiff's assignment of error to the trial court's failure to give two of plaintiff's requested jury instructions pertinent to the wage claim. We conclude that plaintiff preserved at least one of her instructional challenges and that the trial court erred when it refused to give that instruction. Because we also conclude that the error substantially affected plaintiff's rights, we reverse and remand for a new trial on the wage claim

Plaintiff began work for defendant on November 20, 2009. At that time, the restaurant was co-owned by her husband and Harjinder Chand, who is now the sole owner. Plaintiff performed a variety of hostess and waitress duties at the restaurant. Plaintiff presented evidence that she worked more than 70 hours per week from November 2009 through March 2010 and then about 60 hours per week until August 2010. After taking several months off, plaintiff returned to work in December 2010, from which point she was paid by checks reflecting an hourly wage of $15.63. Plaintiff stopped working in April 2011. She claimed defendant did not pay her wages for 2,673 hours that she worked from November 2009 through August 2010.

At some point, business disputes arose between the co-owners, and, in November 2010, one attempt to resolve the disputes resulted in a check on the restaurant account being made out to plaintiff for the amount of $22,453.20. Plaintiff testified that the check followed a request that she write down the hours she worked from November 2009 through August 2010. Plaintiff presented evidence that there was never enough money in defendant's bank account to cover the check, and it is undisputed she never cashed the check. The parties disputed the significance of the check;

defendant claims the check was part of a larger attempt to resolve disputes between the co-owners and not meant to be wages for plaintiff, while plaintiff claims the check represents an admission that she was owed wages. Regardless, there is no dispute that the check was written to plaintiff and signed by Chand.

Defendant argued that it did not owe plaintiff wages because her husband had paid her for that work, "under the table." Defendant also filed a counterclaim for conversion and presented evidence that plaintiff and her husband both misappropriated cash from the restaurant. Chand testified that he estimated plaintiff misappropriated "[a]pproximately a hundred thousand dollars or so within a year or so."

At trial, plaintiff offered the following special jury instructions in writing:

"Special Jury Instruction No. 5: Employer Must Pay with Valid Form of Payment

"It is the employer's responsibility to pay its employees wages due with a valid form of payment. The payment must be payable in cash on demand [at] some bank or other established place of business, where a sufficient amount of funds have been provided and are, or will be, available for payment of the instrument when due. ORS 652.110.

"* * * * *

"Special Jury Instruction No. 8: Unlawful Deductions from Compensation

"Oregon wage and hour laws severely limit the circumstances under which an employer may deduct money from an employee's wages. Every employer shall supply each employee with itemized statements of the amounts and purposes of deductions in the manner provided in ORS 652.610. An employer may not withhold an employee's wages based on allegations, even if confirmed, that the employee stole from the employer.

"ORS 653.045; ORS 652.610; *Miller v. C. C. Meisel Co.*, 183 Or App 148, 160-61 (2002)."

The trial court read the following portion of special jury instruction number five: "An employer is responsible to pay

its employees wages with a valid form of payment," but nothing further. The trial court did not give any portion of special jury instruction number eight.

The verdict form first asked the jury whether plaintiff was "entitled to unpaid wages" from defendant, to which the jury responded, "No." The verdict form then asked the jury whether plaintiff "converted funds or property of Defendant Namaste," to which the jury responded, "Yes[,]" and awarded defendant $100,000.

Plaintiff assigns error to the trial court's refusal to give special jury instructions five and eight. Defendant argues that plaintiff did not preserve her argument for appeal, and that, if the argument is preserved, it fails because the proffered jury instructions are not supported by the evidence.

At the outset, we address defendant's argument that plaintiff failed to preserve her claim of error. Defendant does not dispute that plaintiff submitted a written request for the disputed instructions, but it argues that a more specific objection was needed because the trial court "used *part* of the instructions." (Emphasis in original.) As defendant acknowledges, the Supreme Court has held that a party's written request for a jury instruction generally is sufficient to preserve a claim that the trial court erred in failing to give the requested instruction, including when the trial court gives part of the instruction. *Beall Transport Equipment Co. v. Southern Pacific*, 335 Or 130, 141, 60 P3d 530 (2002). The Supreme Court has since held, however, that preservation for claims of instructional error is tested by preservation principles generally, rather than by the requirements of ORCP 59 H—on which *Beall* relied. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Those general principles of preservation "ensure that trial courts have an opportunity to understand and correct their own possible errors and that the parties are not taken by surprise, misled, or denied opportunities to meet an argument." *Id.* at 632. (Internal quotation marks omitted.) Plaintiff's written request for the instructions informed the trial court that plaintiff believed the instructions were necessary to correctly describe the law to the jury.

We need not decide whether *Vanornum* changes *Beall*'s answer that no additional objection is needed when the trial court gives a requested instruction *in part*, because the trial court gave *no instruction* on the concept encompassed by plaintiff's proposed special jury instruction number eight. We conclude that plaintiff's written request for an instruction on unlawful deductions from compensation sufficiently preserved her challenge to the court's failure to instruct on that concept. *See Vanornum*, 354 Or at 632 n 11 (" [T]he terms of a requested, but refused, instruction may sometimes go a long way to putting a trial court on notice of the deficiency in the trial court's instructions if the requested instruction is not given."). As we will explain, the failure to instruct on unlawful deductions was error that requires reversal of the judgment, and on remand, the trial court can address plaintiff's argument for the "valid form of payment" instruction if the issue again arises.

"[P]arties in a civil action are entitled to jury instructions on their theory of the case if their requested instructions correctly state the law, are based on the current pleadings in the case, and are supported by evidence." *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998) (citing *Denton v. Arnstein*, 197 Or 28, 46, 250 P2d 407 (1952)). We view the evidence supporting the giving of an instruction in the light most favorable to the party requesting the instruction and, given that light, determine as a matter of law if the instructional ruling was correct. *Hammer v. Fred Meyer Stores, Inc.*, 242 Or App 185, 187, 255 P3d 598, *rev den*, 350 Or 716 (2011) (citing *Jett v. Ford Motor Company*, 192 Or App 113, 119, 84 P3d 219, *rev den*, 337 Or 160 (2004)).

Defendant does not dispute that the proposed special instruction number eight correctly states the law regarding deductions from compensation. Rather, defendant argues that the instruction "does not apply to any fact at issue at the trial," because defendant did not assert an offset defense to the wage claim and because there was no evidence defendant took an offset. We disagree. There is no dispute that plaintiff was entitled to wages for working at defendant's restaurant; the dispute was whether those wages were unpaid when plaintiff filed the wage claim. Viewing the facts

in the light most favorable to plaintiff, there is evidence that she worked 2,673 hours for defendant between November 2009 and August 2010, for which she was never paid, and evidence that defendant later acknowledged unpaid wages by writing a check that was not backed by sufficient funds and was never cashed. There was competing evidence that plaintiff's husband paid her for her work in cash "under the table," as well as evidence that both plaintiff and her husband had been misappropriating cash from the restaurant, possibly as much as $100,000.

Defendant made no attempt to distinguish between the cash it claimed plaintiff was paid for wages and the cash it claimed plaintiff and her husband took improperly from the restaurant. Thus, regardless of whether defendant affirmatively asserted that the misappropriation eliminated its wage debt to plaintiff, the evidence readily permitted a finding that the cash taken as "wages" was part of the "misappropriated" cash. Given that record, and the potential confusion created by defendant's assertion that plaintiff had both converted cash from the restaurant and been paid cash "under the table" from the restaurant, plaintiff was entitled to have the jury instructed that defendant's wage-claim defense was independent of its counterclaim, *i.e.*, that plaintiff's conversion did not eliminate defendant's obligation to pay wages. The trial court erred in failing to give the requested instruction.

That determination does not end our analysis, however, because an error in the trial court is grounds for reversal only when it "substantially affect[s] the rights of a party." ORS 19.415(2). In the context of instructional error, that standard will generally be met if, "when the instructions are considered as a whole in light of the evidence and the parties' theories of the case at trial[,] there is some likelihood that the jury reached a legally erroneous result[.]" *Purdy v. Deere and Company*, 355 Or 204, 232, 324 P3d 455 (2014). Here, the jury found both that plaintiff "converted funds" from defendant and that plaintiff was not "entitled to unpaid wages" from defendant. Given the overlapping evidence and argument about cash plaintiff took for wages and cash that she took as conversion, there was "some likelihood" that the jury would find plaintiff entitled to no wages

*because* it found that she converted the $100,000 defendant claimed, unless instructed to the contrary. And, given the verdict form, there is "some likelihood" that the jury reached precisely that erroneous result. We reverse the judgment on plaintiff's wage claim and remand for a new trial on that claim.[1]

Reversed and remanded on plaintiff's wage claim; otherwise affirmed.

---

[1] We reject without written discussion plaintiff's suggestion that we rule as a matter of law in plaintiff's favor on wage claim.