No. 493			June 4, 2025			87

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEYDOU NOUROU MBAYE,
aka Seydou N. Mdaye,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR25037; A182904

Rima I. Ghandour, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from a judgment of conviction for strangulation, ORS 163.187, and harassment, ORS 166.065. He assigns error to a trial court ruling denying his motion to strike inadmissible expert testimony that "death" is a "potential side effect" of cutting off a person's breathing for 20 to 30 seconds. The state responds that the trial court did not err because it sustained defendant's objection and defendant did not renew his motion to strike after a discussion about the potential remedy, rendering the claimed error unpreserved. The state also argues that any error was harmless. We agree with the state that defendant failed to preserve the claimed error on appeal. Thus, we affirm.

A grand jury charged defendant with interference with making a report, ORS 165.572; two counts of strangulation, ORS 163.187; and harassment, ORS 166.065. Defendant proceeded to a jury trial. The state called F, the alleged victim of the strangulation and harassment counts, as its first witness. She testified that defendant had strangled her twice on the same date in a relatively short time and that defendant put his hands around her throat for about 30 seconds, partially restricting her breathing.

Cohn, a sexual assault nurse examiner (SANE nurse) whose training and experience included "25 to 30" strangulation examinations, also testified in the state's case-in-chief. Cohn testified that F told her that she could not breathe when defendant strangled her, that defendant was sitting on her, and that she could not take a deep breath. The prosecutor asked, "Based on your experience[,] if somebody's breathing were to be completely cut off for a period of 20 to 30 seconds, what are the potential side effects?" Cohn answered, "Death." Defense counsel said, "Objection, move to strike, Your Honor." The parties and the court had a discussion off the record. Back on the record, the trial court told the jury, "I've conferred with counsel. Objection is sustained." The court did not say that the testimony had been stricken. Cohn completed her testimony, and the state rested.

Out of the jury's presence, defendant summarized the sidebar discussion for the record. Defense counsel

acknowledged that the court had sustained his objection to Cohn's testimony "that death could occur after a 20- to 30-second strangulation." Defense counsel told the court that he wanted the testimony that 20 to 30 seconds of strangulation could cause death to be stricken if it was "made without the proper expert foundation" and that he may propose a limiting instruction.

When the prosecutor said that she understood the court to have sustained defendant's objection to the testimony that "cutting off someone's air between 20 and 30 seconds could result in death" and to have asked the jury to disregard that testimony on the basis that it was "outside the scope of this witness'[s] ability to testify as an expert," the court responded, "Yes, 702, yes."[1] Defendant made no further objections and did not later request a limiting instruction. The jury acquitted defendant of interference with making a report and one count of strangulation. It found him guilty of the second count of strangulation and harassment.

On appeal, defendant argues that the trial court erred when it did not grant his motion to strike after it sustained his objection to Cohn's testimony that death could result from 20 to 30 seconds of strangulation. We have reviewed the record, and we conclude that the argument is not preserved.

"[P]reservation is a doctrine rooted in practicality, not technicality. Preservation serves a number of policy purposes, but chief among them is fairness and efficiency—affording both opposing parties and trial courts a meaningful opportunity to engage an argument on its merits and avoid error at the outset." *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024). To preserve an issue for appellate review, a party's objection must be "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Preservation "is not something that can be explained by a neat verbal formula," because whether a party adequately explained its objection may turn on the

---

[1] We understand the court's reference to "702" to mean OEC 702, the rule governing expert witness testimony.

context in which the issue arose in the trial court. *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011). The "touchstone" of preservation "is procedural fairness to the parties and to the trial court." *State v. Quebrado*, 372 Or 301, 313, 549 P3d 524 (2024) (internal quotation marks omitted).

We conclude that defendant did not give the trial court a fair opportunity to correct the claimed error because he failed to clarify the remedy he desired after the court said that it had sustained defendant's objection to Cohn's testimony and told the jury to disregard it. *See State v. Derrick*, 198 Or App 358, 363, 108 P3d 608, *rev den*, 339 Or 475 (2005) (explaining that a defendant failed to preserve an objection to a trial court's failure to give a jury instruction when the trial court said it would give the instruction but then did not because the "defendant was obligated to bring the issue to the court's attention in order to clarify whether the court was making an adverse ruling or had simply forgotten to give the instruction"). The trial court never said it had denied the motion to strike, either to the jury or to the parties. Indeed, the court's response to the prosecutor's summary of the court's ruling indicated that the court believed that it had communicated to the jury that it could not consider Cohn's testimony that death could result from a person being strangled for 20 to 30 seconds. Defense counsel did not take issue with that characterization. Accordingly, we conclude that defendant failed to preserve his claim of error on appeal.

Affirmed.