No. 948    October 29, 2025    583

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN KEVIN McGINNIS,
aka Shawn Kevin McGinnes, aka Sean Kevin McGinnis,
aka Saun Kevin McGinnis, aka Shawn K. McGinnis,
aka John Anthony Roberts,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR75104; A179112

Benjamin N. Souede, Judge.

Submitted July 2, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury found defendant guilty of second-degree murder as an accomplice to his codefendant, Hughes, who fatally shot the victim, R.[1] In two assignments of error on appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal (MJOA) for second-degree murder and, alternatively, that his conviction cannot stand if codefendant Hughes's conviction as principal is overturned on appeal. We conclude that the state presented sufficient evidence that defendant aided and abetted in the commission of second-degree murder. We reject defendant's second assignment because it is unpreserved, does not identify a trial court ruling that is being challenged, and is not adequately developed for our review. We therefore affirm.

*First Assignment of Error.* Defendant contends that the trial court erred in denying his MJOA on second-degree murder because the state's evidence was insufficient to establish that he aided or abetted codefendant Hughes in killing R. A trial court must grant a defendant's MJOA "if the evidence and its reasonable inferences would not permit a rational trier of fact to find the elements of the crime beyond a reasonable doubt." *State v. Anderson*, 374 Or 326, 329, ___ P3d ___ (2025). On review of the denial of an MJOA, we view the facts and inferences in the light most favorable to the state. *Id.*

Defendant does not dispute that codefendant Hughes intentionally shot and killed R without justification and correctly frames the issue on appeal as whether there was sufficient evidence for the jury to find that defendant intended to promote or facilitate second-degree murder and aided or abetted Hughes in planning or committing that offense. *See* ORS 163.005 (defining criminal homicide as "without justification or excuse, *** intentionally, knowingly, recklessly or with criminal negligence caus[ing] the death of another human being"); ORS 163.115(1)(a) (defining second-degree murder as criminal homicide that is committed intentionally); ORS 161.155(2)(b) (a person is criminally liable for the conduct of another if "[w]ith the intent to promote or

---

[1] Defendant was also convicted of felon in possession of a firearm and unlawful use of a weapon, but he does not challenge those convictions on appeal.

facilitate the commission of the crime the person \* \* \* [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime"). In defendant's view, given that he was at the front door when Hughes shot R in the carport, the state was required—and failed—to prove that defendant and Hughes agreed to shoot R before they went to Spaulding's house. The state responds that the record supports the inference that defendant intended to promote or facilitate R's intentional murder and that he advanced that objective through being armed and present at the murder scene and covering the front door.

We agree with the state. The record contains evidence that defendant was angry with R because R had shot defendant the month before the murder and jealous of R because defendant believed R was romantically involved with Spaulding; evidence that defendant repeatedly threatened to kill R, including personally threatening R that he would shoot him if he did not leave Spaulding's house; evidence that defendant accompanied Hughes—a self-described "enforcer" experienced in violent intimidation—to Spaulding's home on the night of the murder, and that both men had firearms; evidence that, as Hughes shot R in the carport of Spaulding's home, defendant stood at the front door armed with a pistol and ordering any occupants to come out or he would "burn the place down"; and evidence that defendant showed no sign of surprise or alarm when he witnessed the shooting. Thus, the evidence in the record is sufficient for a rational trier of fact to find that defendant intended to facilitate R's intentional murder and that he aided Hughes by providing armed backup. *Accord State v. Lavadores*, 230 Or App 163, 172, 214 P3d 86 (2009) (the record was sufficient to support the defendant's convictions for assault and attempted murder under an aid-and-abet theory where the defendant accompanied another person, who the defendant knew to be armed, to the scene of a planned fight and provided "backup during the altercation" in which the defendant's companion shot the victim). We therefore reject defendant's first assignment of error.

*Second Assignment of Error.* Defendant frames his second assignment of error as follows: "Defendant's second

assignment of error is contingent on the outcome of Hughes' appeal ***. If Hughes obtains a reversal of his conviction, it will then be error for defendant's conviction to be left in place."

We decline to address this claim of error because it is unpreserved, does not identify any ruling by the trial court that is being challenged on appeal, *see* ORAP 5.45 (requiring claims of error to be "preserved in the lower court" and to "identify precisely the legal, procedural, factual, or other ruling that is being challenged" on appeal), and is inadequately developed for our review, *see State v. Dimolfetto*, 342 Or App 456, 501-02, 576 P3d 1009 (2025) (declining to address a defendant's argument because he "fail[ed] to develop any argument explaining how [that premise] made the court's earlier ruling erroneous").[2]

Affirmed.

_____

[2] In any event, defendant's claim of error would fail on the merits because, "for the state to prove that a defendant is guilty of an offense as an aider-or-abettor, the state must prove the elements of the underlying crime and that the defendant had intent to promote or facilitate the crime by providing aid (or attempting or agreeing to provide aid) to another person in committing the crime." *Wade v. Brockamp*, 268 Or App 373, 381, 342 P3d 142 (2015). As noted, defendant does not contend that the state failed to prove the elements of the underlying crime. And although codefendant Hughes has raised seven assignments of error in his pending appeal, none challenge the sufficiency of the evidence of his second-degree murder conviction or any aspect of his unsuccessful self-defense claim. *State v. Hughes* (A179105).