648 November 13, 2025 No. 962

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN ALLEN HUGHES,
aka Jon Allen Hughes,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR34311; A179105

Benjamin N. Souede, Judge.

Submitted July 2, 2024.

Frances J. Gray filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury found defendant guilty of second-degree murder and unlawful use of a weapon for fatally shooting R.[1] Defendant was tried jointly with his codefendant, McGinnis, who the jury found guilty as defendant's accomplice.[2] Defendant appeals the resulting judgment of conviction, raising seven assignments of error. In his first four assignments, he argues that admitting codefendant McGinnis's recorded statements from a police interview and a jail phone call at trial violated defendant's confrontation rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. In his fifth assignment, defendant contends that the trial court plainly erred in failing to give a cautionary instruction that McGinnis's statements were not admissible against defendant. And in his sixth and seventh assignments, he argues that the trial court erred in denying his motions to sever his trial from McGinnis under ORS 132.560(3) and ORS 136.060(1), respectively.

Addressing defendant's assignments of error in the order the challenged rulings occurred at trial, we reject defendant's sixth assignment of error because he did not establish case-specific prejudice of a joint trial with McGinnis. We reject his seventh assignment because trying him jointly with McGinnis was not "clearly inappropriate" based on the pretrial record. Defendant's first four assignments fail because they are unpreserved, and he did not seek plain-error review in his opening brief. Finally, we reject his fifth assignment because we conclude that any error in failing to give a cautionary instruction is not plain. We therefore affirm.

Because defendant's claims of error implicate different standards of review, we provide historical and procedural facts necessary to explain our disposition in our analysis of each assignment.

---

[1] The trial court also found defendant guilty of felon in possession of a firearm.

[2] We recently affirmed McGinnis's judgment of conviction on direct appeal. *State v. McGinnis*, 344 Or App 583 (2025) (nonprecedential memorandum opinion).

## ORS 132.560(3) MOTION TO SEVER

The facts relevant to defendant's sixth assignment of error are limited to the record before the trial court at the time of his motion to sever. *State v. Hernandez-Esteban*, 374 Or 300, 303, ___ P3d ___ (2025). Defendant was indicted in May of 2018 for second-degree murder, about six months after McGinnis was indicted for the same crime. In August, the state moved to join defendant's case with McGinnis's case. *See* ORS 132.560(1)(b)(B) (offenses may be charged together if they are committed by the same persons and are based on the same act or transaction); ORS 132.560(2) (charging instruments may be consolidated on the same grounds as (1)(b)).

Defendant filed a written response opposing joinder and, alternatively, moving for severance under ORS 132.560(3) on the grounds that he would be substantially prejudiced by joinder. Defendant contended that he would not be able to call McGinnis as a witness at trial, in violation of his right to confrontation, and that the state's case against each defendant was "highly circumstantial."

At the motion hearing in November 2018, the state represented that defendant and McGinnis "committed the murder together, as a team" and that it was pursuing an aid-and-abet theory; that McGinnis had a motive to kill R due to a "love triangle situation"; that defendant drove McGinnis to the house where R was staying; that both men were armed; that defendant killed R but they "both worked together in concert to commit this murder"; and that there were "no inculpatory statements or admissions by each defendant pointing the finger at each other as the actual offender." Defense counsel argued that there was "potential prejudice" because McGinnis's statements "may come in during trial" in violation of defendant's confrontation rights and that "it's technically unfair for [the state] to have a strong case against one defendant and a weak case against another defendant, to join them so that the weaker case can get tarnished with the same blush."

The trial court granted the state's motion to join the cases and denied defendant's motion to sever, because

the court concluded that "whether or not issues may arise at trial in terms of testimony, in terms of statements by either of the two defendants that might impact the trial of the other defendant, \* \* \* at this point that's speculation."

On appeal, defendant does not dispute that the cases were properly joined but contends that the trial court erred in denying his motion to sever under ORS 132.560(3). The trial court has "discretionary power under ORS 132.560(3) to sever charges [or cases] that otherwise have been properly joined" when a defendant moving for severance "has met their burden to establish substantial prejudice—that is, 'the kind of potential injury or harm that threatens the defendant's interest in a fair trial.'" *Hernandez-Esteban*, 374 Or at 314 (quoting *State v. Delaney*, 370 Or 554, 566, 522 P3d 855 (2022)). A defendant must identify a case-specific theory of substantial prejudice that is "more than the prejudice that is an inherent risk of joining charges," *Delaney*, 370 Or at 575, and the facts stated in the motion must be supported by the record, *Hernandez-Esteban*, 370 Or at 314. We review whether a defendant established substantial prejudice for legal error. *Id.*

Here, we conclude that defendant failed to establish a case-specific theory of substantial prejudice supported by the record. Defendant did not identify which of McGinnis's statements he believed would create an incurable confrontation issue, nor did he provide a factual explanation of why he believed one case was weaker than the other. Because defendant did not present a factual theory supported by the record to establish the potential prejudice that he would suffer resulting from the state's decision to join his case with McGinnis's, the trial court correctly denied his motion to sever under ORS 132.560(3). *See Hernandez-Esteban*, 374 Or at 324.

## ORS 136.060(1) MOTION TO SEVER

In February 2022, defendant again moved to sever his case from McGinnis's, this time under ORS 136.060(1) on the grounds that it would be "clearly inappropriate" to try him jointly with McGinnis under *Bruton v. United States*, 391 US 123, 88 S Ct 1620, 20 L Ed 2d 476 (1968).

Defendant simultaneously moved for an order requiring the state to "deliver to the court for inspection in camera any statements or confessions made by any defendant that the prosecution intends to introduce in evidence at the trial." ORS 136.060(2). Defendant contended that "[m]any of the statements [in discovery] by codefendant McGinnis implicate [defendant], and would be inadmissible against defendant [] in a joint trial if [McGinnis] chooses not to testify." Defendant also cited Article I, section 11, of the Oregon Constitution, but he did not present an independent argument for severance under that provision.

At the motion hearing, the court stated that it had reviewed the proffered statements that the state intended to introduce at trial. After hearing argument, the court ruled that admitting McGinnis's recorded statements to law enforcement and to defendant would not violate defendant's confrontation rights, assuming that defendant established McGinnis's unavailability at trial. The court therefore concluded that there was no basis to sever under ORS 136.060.

Defendant's seventh assignment on appeal contends that the trial court erred in denying his renewed motion to sever under ORS 136.060(1). ORS 136.060 provides:

"(1)  Jointly charged defendants shall be tried jointly unless the court concludes before trial that it is clearly inappropriate to do so and orders that a defendant be tried separately. In reaching its conclusion the court shall strongly consider the victim's interest in a joint trial.

"(2)  In ruling on a motion by a defendant for severance, the court may order the prosecution to deliver to the court for inspection in camera any statements or confessions made by any defendant that the prosecution intends to introduce in evidence at the trial."

ORS 136.060(1) "expresses a preference for joint trials of jointly charged defendants" and "sets a standard that requires no doubt or question that a joint trial will be 'inappropriate'" based on the record made at the time of the motion to sever. *State v. Turnidge (S059155)*, 359 Or 364, 385, 388-89, 374 P3d 853 (2016). "Inappropriate" in this context "means legally inappropriate, such that going forward with a joint trial would be legal error" that "could likely

inject error into the trial that would result in either a mistrial in the course of the trial or a later reversal by an appellate court." *Id.* at 388.

ORS 136.060(2) contemplates one such legally inappropriate circumstance—where a defendant cannot be tried jointly with a codefendant without violating the defendant's Sixth Amendment confrontation right under *Bruton*—and "provides the trial court with explicit authority to make a record on which the court can assess whether any statement or confession that the state intends to put into evidence at trial would violate constitutional protections if the jointly charged defendants are jointly tried." *Turnidge (S059155)*, 359 Or at 385, 388-89.

In *Bruton*, the Court held that a defendant is deprived of their confrontation right under the Sixth Amendment when a nontestifying codefendant's statement naming the defendant as a participant in a crime is admitted in evidence in their joint trial, even if the jury is instructed to consider the statement as substantive evidence against the codefendant only. 391 US at 136-37. *Bruton* identified a "narrow exception" to the principle that "a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant," given the legal presumption that "jurors follow their instructions." *Richardson v. Marsh*, 481 US 200, 206-07, 107 S Ct 1702, 95 L Ed 2d 176 (1987).

"For the *Bruton* rule to apply, the nontestifying codefendant's out-of-court statement must 'on its face' incriminate the other defendant." *Turnidge (S059155)*, 359 Or at 390-91 (quoting *Richardson*, 481 US at 208-09). Where the nontestifying codefendant's statement "does not expressly incriminate the other defendant, and instead becomes incriminating 'only when linked with evidence introduced later at trial,' no *Bruton* problem arises." *Id.* at 391 (quoting *Richardson*, 481 US at 208). In such circumstances, any potential confrontation violation may be prevented by instructing the jury to consider the codefendant's statements against the codefendant only.

On appeal, defendant argues that it was clearly inappropriate to try him jointly because the state intended to introduce at trial McGinnis's statements in a police interview and a jail phone call to defendant, which would violate defendant's confrontation rights under both Article I, section 11, and the Sixth Amendment. He argues that "the pretrial record establishes beyond doubt that legal error was foreseeable due to the confrontation clause issues" and that the trial court's ruling as to McGinnis's police interview and jail call statements constituted legal error under both Article I, section 11, and *Bruton*. The state responds that defendant's Article I, section 11, arguments are unpreserved and that, in any event, it was not "without doubt or question" that a joint trial would be clearly inappropriate. *Turnidge (S059155)*, 359 Or at 384. We agree with the state.

We first conclude that defendant failed to preserve his arguments under the Oregon Constitution. Defendant's written motion discussed *Turnidge (S059155)*, its construction of ORS 136.060, and its application of *Bruton* to the facts in that case, which concerned the defendant's Sixth Amendment confrontation right. Although defendant included a parallel citation to Article I, section 11, in his motion, he did not cite any case law or develop an independent argument under that provision. At the motion hearing, defense counsel asserted that he was asking for severance "primarily on the *Bruton* issue," never mentioned Article I, section 11, and only cited case law applying the Sixth Amendment, including *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004) (overruling *Ohio v. Roberts*, 448 US 56, 100 S Ct 2531, 65 L Ed 2d 597 (1980)), and *Lucero v. Holland*, 902 F3d 979, 988 (9th Cir 2018) (holding that only testimonial out-of-court statements by a nontestifying codefendant are subject to *Bruton*).

To be sure, we have previously noted that, because Oregon appellate courts "have treated Article I, section 11, and the Sixth Amendment as coextensive with respect to an accused's right to confront witnesses," "the guarantee in Article I, section 11, offers at least as much protection as the guarantee in the Sixth Amendment" pertaining to the admissibility of a nontestifying codefendant's confession.

*State v. Johnson*, 199 Or App 305, 309 n 1, 111 P3d 784, *rev den*, 339 Or 701 (2005). However, the Article I, section 11, confrontation right is no longer coextensive with the Sixth Amendment confrontation right. *See State v. Cook*, 340 Or 530, 540, 135 P3d 260 (2006) (explaining that, in *Crawford*, the United State Supreme Court rejected the Confrontation Clause test that it had announced in *Roberts*, but that Oregon appellate courts continue to use the *Roberts* test to analyze confrontation claims under Article I, section 11). In the absence of an argument developed below, we decline to address defendant's arguments under the Oregon Constitution on appeal. *See State v. Tryon*, 242 Or App 51, 53 & n 1, 255 P3d 498 (2011) (declining to address unpreserved confrontation clause claim under Oregon Constitution); *cf. State v. Neill*, 216 Or App 499, 504 n 3, 173 P3d 1262 (2007), *rev den*, 344 Or 671 (2008) (citing the Fourth Amendment in a motion to suppress evidence did not preserve those arguments on appeal where the defendant's legal arguments below were "grounded exclusively in Oregon law").

Turning to the merits of his Sixth Amendment claim, we conclude that *Bruton* does not apply here because McGinnis's statements in the police interview and the jail phone call to defendant, on their face, do not inculpate defendant. In the recorded police interview, McGinnis never identified defendant to police and continued to deny defendant's involvement even when police asked him directly to confirm that defendant was involved. And in the recorded jail phone call to defendant, McGinnis directly inculpated only himself. Thus, under *Bruton* and *Richardson*, any potential Sixth Amendment violation could have been avoided by instructing the jury to consider McGinnis's statements against McGinnis only.[3] Accordingly, the fact that the state intended to introduce McGinnis's recorded statements from the police interview and the jail call at the joint trial did not render the joint trial "clearly inappropriate" on the pretrial record, and the trial court correctly denied defendant's renewed motion to sever. *See Turnidge (S059155)*, 359 Or at

---

[3] As we explain in addressing defendant's fifth assignment of error, at the hearing on defendant's pretrial motion to sever, defense counsel alerted the court to the potential need for a limiting instruction with respect to McGinnis's statements as "a separate issue which we would ask to reserve," but ultimately never requested one.

391; *cf. Johnson*, 199 Or App at 309-10 (holding that join-der was not "clearly inappropriate" on the pretrial record because admitting a redacted version of the codefendant's confession and issuing a limiting instruction at trial would sufficiently protect the defendant's constitutional rights).[4]

## ADMISSION OF CODEFENDANT'S RECORDED STATEMENTS

Defendant's first through fourth assignments of error separately challenge the admission of McGinnis's recorded statements at trial, contending that doing so violated defendant's right to confrontation under both Article I, section 11, and the Sixth Amendment. The state responds that these claims of error are unpreserved because defendant did not object to the admission of McGinnis's recorded statements at trial. The state acknowledges that defendant litigated the confrontation issue presented by admitting McGinnis's statements in the pretrial motion to sever, but the state contends that defendant never sought—and the trial court never made—any conclusive ruling on whether admitting those statements at trial violated defendant's confrontation rights.

Preservation is "a doctrine rooted in practicality, not technicality" that "serves a number of policy purposes, but chief among them is fairness and efficiency—affording both opposing parties and trial courts a meaningful oppor-tunity to engage an argument on its merits and avoid error at the outset." *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024); *see also State v. Quebrado*, 372 Or 301, 313, 549 P3d 524 (2024) (observing that the "touchstone" of preser-vation "is procedural fairness to the parties and to the trial court" (internal quotation marks omitted)). To preserve an issue for appellate review, a party's objection must be "spe-cific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct

---

[4] We note that the court in *Johnson* applied the same rule as *Bruton* under Article I, section 11—that is, it held that any potential Article I, section 11, con-frontation violation for admitting a nontestifying codefendant's confession could be avoided by redacting any references implicating the defendant and instruct-ing the jury that it may consider the codefendant's confession only against the codefendant. Thus, under *Johnson*, defendant's claimed basis for severance under Article I, section 11, would likely fail on the merits for the same reason we con-clude that it fails under the Sixth Amendment.

the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

We agree with the state that defendant failed to preserve these claims of error. Defendant affirmatively expressed that he had no objection when the state moved to admit McGinnis's recorded police interview and jail phone call at trial. And defendant did not object to McGinnis's recorded statements when the state played them for the jury. Although defendant argued that admitting McGinnis's statements at trial would *potentially* violate his right to confrontation, he did so specifically in the context of his motions to sever in which he acknowledged that the confrontation arguments were limited to his requested remedy of severance and disputed whether either defendant would actually be unavailable at trial. Accordingly, as noted, the trial court's severance ruling expressly did not determine whether defendant or McGinnis was unavailable but instead contemplated that unavailability would need to be established at trial—and defendant ultimately exercised his right to testify, while McGinnis did not.

Because defendant never sought an independent ruling that admitting McGinnis's recorded statements at trial violated his confrontation rights and never requested exclusion of the evidence on that basis, we conclude that defendant did not give the trial court a fair opportunity to correct the claimed error. *See State v. Mbaye*, 341 Or App 87, 90, 572 P3d 362 (2025) (the defendant's claim of error was unpreserved because he failed to clarify the remedy he desired). And we decline to reach defendant's untimely request for plain error review in his reply brief. *State v. Webb*, 342 Or App 426, 446, 576 P3d 995 (2025) ("Insofar as defendant requests plain error review in his supplemental reply briefing, he waived the argument by failing to raise it in his opening brief."). We therefore reject defendant's first through fourth assignments of error.

## LIMITING INSTRUCTION

In this fifth assignment of error, defendant contends that the trial court plainly erred in failing to instruct the jury that McGinnis's statements were admissible only

against McGinnis and not against defendant. We conclude that any error is not plain.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *Wyatt*, 331 Or at 341. However, we have discretion to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

As noted, the *Bruton* rule is a narrow exception to the principle under the Sixth Amendment that "a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant." *Richardson*, 481 US at 206-07. Thus, even when a codefendant's confession does not directly name the defendant, the Sixth Amendment may be implicated if the jury is not instructed to consider the confession against the codefendant only. Here, however, defendant never requested such a limiting instruction, and it is not plain that the trial court erred in failing to give one *sua sponte*. *State v. Worsham*, 373 Or 739, 748, 571 P3d 759 (2025) ("[I]t is generally impossible for a trial court's failure to give an unrequested custom supplemental instruction to qualify as plain error." (Emphasis omitted.)); *Delgado-Juarez v. Cain*, 307 Or App 83, 95, 475 P3d 883 (2020) ("[A] trial court is not required to provide a limiting instruction on its own motion[.]"). To the extent that such an instruction may be necessary under ORCP 59 B as a "matter[] of law necessary for [the jury's] information in giving its verdict," we observe that defendant did request, and the trial court issued, Uniform Criminal Jury Instruction 1059, which states:

"Separate Consideration For Each Defendant: Although the defendants are being tried together, you must consider the case against each separately. In doing so, you must decide what the evidence shows as to each defendant, without considering any evidence that may have been received

solely against some other defendant or defendants. Each defendant is entitled to have the case decided on the evidence and on the law applicable to that defendant."

However, that instruction presupposes that certain evidence may have been received solely against one defendant. And here, given defendant's failure to object to the admission of McGinnis's statements at trial, it is not clear that McGinnis's statements were, in fact, admitted against McGinnis only. We therefore reject defendant's fifth assignment of error because it is not plain.[5]

Affirmed.

---

[5] Even if the error were plain, we would not exercise our discretion to correct it because the record reflects that at the pretrial hearing on his motion to sever defense counsel alerted the court to the potential need for a limiting instruction with respect to McGinnis's statements as "a separate issue which we would ask to reserve," but ultimately failed to request one. *State v. Inman*, 275 Or App 920, 935-36, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016) (identifying the ease with which any error could have been avoided or corrected as a "significant factor" in whether to exercise discretion to correct a plain error).